The action being continued nisi, the opinion of the Court was pronounced at the following November term in Suffolk, by
Parsons, C. J.
There is no question but that a father, who is entitled to the services of his minor son, and for whom he is obliged to provide, may, at the common law, assign those services to others, for a consideration to enure to himself. He may contract that his minor son shall labor in the service and employment of others, for a day, a month, or any longer term, so that the time do not exceed the period of the child’s emancipation from the father; which may take place, as well on the father’s death, as on the son’s arriving at the age of twenty-one years. If this common law right is taken away from the father by the statute of 1794, so that no contract by the father, binding his minor son as a servant or apprentice, is legally valid, unless such contract pursue the statute, then the objection made by the defendant to the covenant declared on in this case will deserve some consideration.
The statute, after describing the powers of fathers, mothers, or guardians, and of the minor with the approbation of the selectmen, or the greater part of them, annexes two provisos. One is, that in every case there shall be two deeds of the same form and tenor executed by both parties, one to be kept by each ; and when the deeds are made with the approbation of the selectmen, that approbation under their hands is to be endorsed on the deeds. The other proviso is that relied on for the defendant., viz. that all considerations allowed by the master shall be secured to the benefit of the minor. Now, in the deed of which oyer is given in this case, there is no such security made for the minor. Therefore the defendant has argued that the indentures are void ; and although he has had the benefit of the minor’s service, that he is not obliged to pay the stipulated equivalent.
*125 *The plaintiff has insisted that the proviso, respecting the considerations to be secured to the minor, relates only to deeds by which the minor is bound with the approbation of the selectmen, and not to deeds by which a minor is bound by parents or guardians; for they may safely be trusted to do nothing prejudicial to the child or ward, while the selectmen might, through carelessness or negligence, approve of contracts which might be prejudicial to the minor.
But on looking into the statute, we are not satisfied that this distinction exists. The proviso is general, and provides for considerations allowed by the master in any contract of service or apprenticeship, without any exception whatever. And there may be good reason why a minor of fourteen years of age, who is bound by his own consent during his minority, under the authority of this statute, should have the consideration for his services, whether it be the knowledge of a trade, the having of an education, or the receipt of money, for his own benefit when he shall come of age, and be obliged to provide for himself.
For a binding under the statute obliges all parties : it obliges the servant to obedience, subjects him to reasonable personal correction for his faults, and if he abscond, to a compulsory return to his master, or to imprisonment. Or, if the servant be guilty of gross misbehavior, the Common Pleas may discharge the master from the contract. And if the master treat the minor with cruelty, the same court may discharge the minor from the contract.
But the statute does not, like the English statute of 5 Eliz. c. 4, >§> 41, relating to apprentices and servants, make void all contracts by which a minor is bound in service, unless such contracts as are made pursuant to the statute. All contracts of service, legal at the' common law, remain legal since the passing of this statute; but the only remedy, either party can have, is on the contract, and not under the statute.
It is therefore our opinion, that the covenants declared on are not within this statute, so that either party or the minor could have relief according to the provisions of the statute: * but as the covenants are good at common law, and the [ * 149 ] statute has not made them void, it is also our opinion that the covenants are not void, but that no remedy lies for either party on a breach of them, but by action at law. And as well parents and guardians, as masters, ought duly to consider, that if the contract of apprenticeship does not pursue the statute, the apprentice cannot be discharged, if the master break the contract on his part; neither, if the contract be broken on the part of the apprentice, can the master have those remedies, and that relief, provided in the statute *126 for contracts made pursuant to it; but the remedy for each party is by action, which in many cases may be inadequate.
In the case at bar, as the deed is good at common law, and not made void by the statute, the declaration appears to us to be good ; and the plaintiff must have judgment for his damages assessed at fifty dollars, with interest from the day it was payable to this time.