### DANIEL GALE *versus* ENOCH G. PARROT ET AL.

In an action by a parent, for the services of a minor son, when founded on an implied assumpsit, the measure of damages is the value of those services, and not any special contract made with the son. The parent's right to payment for those services may be waived by acts evincing an assent to the minor's receiving payment himself.

THIS was an action of assumpsit, for fifteen hundred dollars, money had and received. The defendants pleaded the general issue, and the cause was tried here at February term, 1816. It appeared in evidence that the plaintiff was father to one Carter Gale : that said Carter arrived at the age of twenty-one, October 25th, 1814: that about two years previous to this he left his father's residence ; afterwards enlisted into the army of the United States ; was discharged at the plaintiff's request ; was placed in the employ of one H., at P. ; received a portion of his wages, the remainder being allowed to his father ; and on the 5th day of September, 1814, shipped as a mariner, for three fourths of a seaman's share, on board the private armed vessel Portsmouth. He sailed in said vessel, after selling one quarter of the share to N. D., and on the 25th day of October, 1814, returned in the prize ship James. At that time the Portsmouth had completed her cruize. Testimony was introduced to show also that the defendants were prize agents to said privateer : that the property captured was libelled and sold, and the proceeds placed, December 21, 1814, by the marshal, in their hands. Half a seaman's share was worth about six hundred dollars. No evidence was offered to prove a knowledge in the owners or agents of the privateer, that the said Carter was, when shipped, a minor, or to

prove that the father had, at any time before the commencement of this suit, (June 19th 1815) informed them of his intention to claim any part of the prize money, or that he had filed any claim therefor in the district court : while, on the other hand, the defendants proved that they had paid to N. D. the quarter share he purchased of Carter Gale ; and between the 25th of October, 1814, and the 23d of March, 1815, paid said Carter on the other two quarters four hundred dollars ; in consideration of which payment, and of his liability for having been concerned in embezzling some part of the prize cargo, he gave the agents a discharge in full for all his share in the captures.

A verdict was then taken for the plaintiff, by the direction of the judge, for six hundred twenty-one dollars forty cents, with leave to move the court to set it aside, and grant a new trial.

*Hoar, Hale,* and *J. Smith,* for the plaintiff.

*Cutts* and *Pitman,* for the defendant.

Woodbury, J.,* delivered the opinion of the court.

No pretence exists that the defendants have received any money belonging to the plaintiff, unless it be for the services of his son while a minor.   The general right of the parent to recover for such services, cannot be contested.   1 *Black. Com.* 453.—*Co. Litt.* 117, *note* 161.

But that recovery may be modified in its form, or wholly defeated on the merits, by the circumstances of the case. We recollect no positions upon which actions for this cause can be sustained, except the following :

1st.  Where the parent makes no express contract with the employer of the infant, but rests his claim on an implied promise to pay a *quantum meruit* for the services, to the person entitled to them.

2d.  Where the parent previously enters into an agreement with the employer, and founds his action on that agreement.

3d.  When the minor makes a special contract, which the

---

* Richardson, C. J., having been of counsel, did not sit.

parent subsequently assents to, as made by an agent for his benefit, and for the fulfilment of which the parent sues.

4th. When, in either of the above cases, the minor's earnings have passed into the hands of a third person, and the suit therefor is commenced against him.

But the present action cannot be supported on the first position, because the declaration is for money had and received, and not for the services of the minor, *eo nomine*, as the principles of the suit require ; 1 *Bl. Com.* 446 ; and the propriety of which principles numerous precedents demonstrate. 12 *John.* 188, *Cook* vs. *Husted.*—6 *John.* 274, *James* vs. *LeRoy & al.*—5 *East* 39, *in note, Eades* vs. *Vandeput.* —2 *Mass. Rep.* 113, *Benson* vs. *Remington.*

Nor does it appear that the defendants were any thing more than mere prize agents to the owners ; whereas a suit under the first position should be against those partly or wholly interested ; else the defendants would not appear to have been benefitted by the infant's labor ; and evidence of this benefit is indispensable in order to raise an implied promise to pay for it. 6 *John.* 274.

In actions founded on this principle, too, the rule of damage is not any contract the minor may make, or any *accidental* benefit the employer may receive, but the mere abstract value of the services : which in this case would be the worth of about seven weeks labor, instead of the proceeds of half a prize ticket. (Vide authorities *supra*, and 2 *Cranch* 270, *Mason & al.* vs. *Ship Blaireau.*)

The facts negative any previous express contract between the plaintiff and the defendants, as to the labor of the infant, and consequently the suit cannot be sustained on the principles involved in the second position. 1 *Vez.* 48. In such case, too, the declaration is usually, if not necessarily, founded upon the special agreement, (7 *Mass. Rep.* 145, *Day* vs. *Everett*) and details its particulars.

The doctrine contained in the third position, which supposes the plaintiff to sue as principal, on a special contract, made by the minor, as his agent, we apprehend may be extended to this class of cases, under certain circumstances.

But the suit should be against the contracting party: here probably the owners, and not the prize-agents. It should be founded, too, on the contract, which was here probably contained in the articles of agreement entered into, and in the prize ticket executed, at the time Carter Gale shipped on board the Portsmouth; and should not be generally for money had and received. If a case can be supposed, dispensing with a special count on the agreement, where the prize-agents and not the owners were in fact the employers of the minor; yet a person so contracting with the minor as agent can, when sued by the principal, unless previously notified of the claims of the latter, interpose any defence which would be valid against the agent. 7 *D. & E.* 359, *George* vs. *Claggett & al.*

The defendants, however, were not so notified; and at the commencement of this suit possessed a valid discharge from the agent.

Upon the principles involved in the fourth position, the plaintiff may recover upon the present declaration and against the present defendants, if they still retain money belonging to him, which was received from others. Such seems to have been the character of the cases, *Barber* vs. *Dennis*, reported 1 *Salk.* 68, and 6 *Mod.* 69, and the anonymous one 12 *Mod.* 415, and 2 *Saund.* 47, note 1.

But the defendants have received no such money, under the circumstances supposed in the second position: that is, from persons under a previous express contract to pay the plaintiff for the services of his son—at least, the evidence proves no such contract.

If they have received it under the circumstances supposed to exist in the third position, from persons contracting with the son as an agent whose acts the father subsequently ratifies, then the defendants at the commencement of this action had ceased to be liable, because the money so received had before that period been paid to the agent, and they released from any further responsibility.

Should we, however, consider them under the circumstances supposed in the first position, as receiving from the

owners of the privateer, through the hands of the marshal, money to discharge all claims against them as owners, perhaps no competent satisfactory reason exists against their being liable to the plaintiff in this form of action. 3 *Bos. & Pul.* 257.—1 *Wilson* 211.—4 *East* 238.—2 *do.* 507. But the extent of that liability must be limited by the real value of the services of the son, during the seven weeks he was engaged in the owners' employ ; and the plaintiff must, also, under all the facts in this case, be entitled to the benefit of those services.

We have limited the amount recoverable, to the real value of the services ; because a claim growing out of an implied promise to pay for labor, cannot, as we have shewn under the first position, extend beyond the abstract value of that labor. On this point, *James* vs. *Le Roy & al.* is a direct authority—strongly supported by *Mason & al.* vs. *The Ship Blaireau*, and 1 *Vez.* 83.

Were the defendants liable in this case as receiving the money of the owners, under the circumstances of a previous contract with the parent, or of one with the infant, subsequently ratified by the parent, the rule of damages would of course be different, embracing all expressly contracted for. Such probably were the principles governing the cases in the 6 and 12 *Mod.*, before cited. But we have shewn that such is not the situation of the present case, and consequently the verdict must be set aside. It has thus become unnecessary to decide whether the plaintiff can in this action recover for the actual services of his son.

It deserves, however, the consideration of the plaintiff's counsel, before entering on a new trial, as the defendants have received no money but since the son of the plaintiff became age ; as the plaintiff made no claim in the district court ; as the property was there condemned to the *actual* captors, among whom was the son ; as no title to the property was vested in any body, until the condemnation, when he was 21 ; and as the defendants received the money and distributed it in strict conformity to the decree, before any suit was

instituted, whether they can now be regarded liable to the plaintiff, in any form of action, for any part of the prize money. 16 *East* 275.—4 *D. & E.* 382.—2 *Bro. ad. & Civ. L.* 235.

Where a minor happens to be eloigned from the parent, the latter often ceases to be entitled to any portion of his wages, on the ground that the former would without them be suffered to starve. In some cases, also, special rewards, conferred for important personal services, as salvage, prize money, bounties, &c. seem peculiarly the minor's individual property. 2 *Cranch* 270.—10 *Niles' Register* 387–9.

Nor would it require very strong additional circumstances to satisfy a jury that a parent neglecting in this manner to interpose a claim, had *consented* to the son's receipt of his own wages: at all events, their attention should have been directed to this point on the trial.

*Verdict set aside and a new trial granted.*