*Let the certiorari go.*

### GEORGE WALKER *vs.* JOSEPH HAM.

An officer is not liable to a penalty for taking fees, on account of services, for which no fees are enumerated in the fee bill. But where he takes excessive fees for such services, he is liable to refund the excess in an action for money had and received.

A penalty is incurred only when he takes more than the prescribed amount for particular services, for which fees are given in the fee bill.

The sum allowed for the service of a writ is a compensation for leaving a summons, for a bare arrest, or for a seizure of property and the return of the writ; but not for any extraordinary expense in the commitment of the body, or in the removal and care of the property.

THIS was an action of debt for a penalty of $50, which, it was alleged, had been incurred by the defendant as an officer in taking too large fees for the service of a writ of attachment.

At the trial here in February, A. D. 1820, it appeared, that the writ was served April 27th, 1819, and that the fees charged for " travel," " service," and " bail," were in conformity to the fee-bill ; but, in the return, there was also a distinct charge of three dollars for " extraordinary trouble," which appeared to have been occasioned in keepers, delay to commit, &c., and which, on a settlement of the action before its entry in court, was paid by the present plaintiff to the defendant.

On these facts the plaintiff consented to become non-suit, with leave to move to set it aside, and be allowed a new trial.

*J. Woodman,* counsel for the plaintiff.

*Eastman* and *Mason,* for the defendant.

WOODBURY, J., *pro curia.*

This action is founded on the 1st section of our statute of the 6th of December, 1796, and of an additional act, passed June 19th, A. D. 1813.(1)

(1) 1 N. H. Laws 128, 134.

The material parts of those statutes are, that " for the " service of a writ of attachment with or without summons, " twenty-three cents for each defendant" is allowed to the officer ; and " that if any person or persons, in any office re- " cognized by the laws of this state, shall hereafter demand " any greater fee or fees for any services, than what are by " law prescribed for such services, he or they shall, on con- " viction, forfeit and pay for every such offence, a sum not " less than ten dollars, nor more than fifty dollars," &c.

One ground of the non-suit in the present action was, that by an act, passed June 23, 1813, if any officer, by virtue of any legal precept, should, among other things, " arrest the " body of any person, and find it necessary to have and " procure assistance, the court, where final judgment may " be rendered on said precept or action, shall have power " to allow," for such extra services, a reasonable sum, provided each item of service be specified, &c.(2) This act was in force when the writ was served by the present defendant ; but was repealed in July, A. D. 1819.(3)

(2) 1 N. H. Laws 139.

(3) 2 N. H. Laws 251.

Another ground of the non-suit was, that the three dollars, charged and taken in the manner and for the cause, stated by the defendant, does not, upon a fair construction of the two first statutes, subject him to a penalty. We are inclined to think, that the defendant is protected from this prosecution upon both grounds ; but as it is more important now to have a construction given to the two first statutes, we shall confine our remarks exclusively to them.

It was doubtless the design of those statutes to protect parties from exorbitant charges by officers for services, which were common, well known, of an uniform value, and whose nature was such that a fair price could be put upon them before they were performed. Thus the travel from

the place of service to the place of the return of the writ must always be performed, and a fair average price per mile could be fixed before hand. So in respect to the fee for a bail bond. So the service of a writ, if by service is meant only the delivery of a summons, a bare arrest, or a mere seizure of property, and a written return of the fact, some of which acts, with the return, must always be performed, could well enough beforehand be fixed at an average price; and the small fee of " twenty-three cents" might in general be a sufficient compensation for those acts alone.(1) Consequently, if an officer demand more than the limited fee for any of these ordinary, simple, and enumerated duties, he is justly exposed to a penalty. This we apprehend is the extent of the spirit of those statutes.

(1) 1 N. H. Rep. 27.

But other labor and expense may, on particular occasions, become indispensable to the due service of a writ, and from their very nature, no just average price for them can be fixed before they are performed. Such are the removal and care of a great amount of property attached, or the employment of assistants, and the delay in making difficult arrests and commitments. And though under some views and to some purposes these duties constitute a part of " the " service of the writ ;" yet they are not a part of the ordinary service, could not have any just average estimate previously placed on their value, or if they could have, that estimate, comprehending also the return of the writ, would probably exceed in the fee-bill the paltry sum of " twenty- " three cents."

For these reasons, we deem it highly improbable, that the legislature, by the word " service," and by the fee of " twenty-three cents," intended to include and compensate all such incidental duties of an officer in all cases. We think this conclusion is fortified by the further circumstance, that no injustice is caused to the parties, by subjecting them to make a fair compensation for such extraordinary trouble and expense when they necessarily occur ; and that much injustice would be caused, by depriving a faithful minister

of the law of such a compensation, and by imposing on him, likewise, a penalty, if he demand it.

Nor is a different construction needed to protect the parties; because, if money be taken for extraordinary services, when none were performed; or, if an exorbitant price be taken for them, the defendant, in an action for money had and received, can recover back the excess (15 *Mass. Rep.* 525, *Runnells vs. Fletcher.—Pike vs. Patterson, Hills.* Oct. 1805); and the plaintiff, before payment by himself, should ascertain the justice of the charges.

It deserves particular remark, that if the legislature had entertained towards officers the illiberal views ascribed by the plaintiff, they might easily have expressed them so as to place this question beyond doubt, by prohibiting any officer to demand any additional fee whatever for either the removal and care of property, or the difficult arrest and commitment of the body. But no statute, which our legislature have passed upon this subject, contains any such express negation or exclusion of charges like those made by this defendant. At the same time, also, it must have been known, that sheriffs have, in general, if not always, publicly charged in their returns for these extraordinary services; and, in various instances, that such charges have been sanctioned by judicial decisions. *Co. Litt.* 368, *b.*—2 *Inst.* 210. —2 *Bl. Rep.* 1102, *Savage vs. Smith.*—2 *Maul. & Selw.* 294. —9 *John.* 328.—12 *ditto* 298.—12 *Mass. Rep.* 163.—1 *N. H. Rep.* 28, *Eastman vs. Coos Bank.*

Under all these considerations, we are satisfied that judgment ought to be entered for the defendant upon the