## Balch & a. *vs.* Smith.

The stat. 12 Car. 2d, ch. 24, giving persons power to appoint guardians over their infant children by will, has been adopted in this state.

A testator made the plaintiffs, his sons, his residuary legatees, and provided that

Balch *v.* Smith.

they should maintain, in sickness and in health, their brother, who was an infant, until he should become of age, in the same manner as fathers or guardians, the infant rendering due subjection as a child, by labor and obedience ; and if he should refuse so to do, a deduction was to be made from his legacy.—*Held*, that the plaintiffs were testamentary guardians of the infant, and that their powers and duties in that capacity were a personal trust, which could not be assigned.

The infant, in such case, is not entitled both to the full amount of the legacy, and to compensation for his labor; but the benefit of his labor belongs to the residuary legatees.

An indenture of apprenticeship of an infant is not binding upon him, unless his consent be expressed in the indenture.

Where the testamentary guardians of an infant, by indenture, covenanted with the defendant that the infant should labor for him until he should become of age, and the defendant covenanted to pay the plaintiffs the sum of one hundred and fifty dollars, and the infant labored for the defendant the time specified in the indenture, without objection, and assented to and ratified the indenture on becoming of age, it was *held* that, although the powers and duties of the guardians were not assignable, yet, as the covenant of the plaintiffs had been fulfilled, and they were entitled to the infant's services by the will, and nothing remained for the defendant but to pay the money, it might be recovered of him by an action on the covenant.—*Held*, also, that the payment of the money by the defendant, to the infant, did not discharge him from his liability to the plaintiffs.

Where the will provided that if the infant should refuse to render labor and obedience to his brothers, the residuary legatees, a deduction should be made from his legacy, and the infant labored for the defendant by request of his brothers, and when he became of age accepted the full amount of the legacy—*Held*, that such acceptance was a ratification of the agreement between the defendant and the brothers of the infant, and estopped the infant from asserting any claim for compensation for services.

Whether, if he had not accepted the full amount of the legacy, he might have recovered compensation for his services, of the defendant, *quœre ?*

COVENANT. The case was submitted for the decision of the court upon the following statement of facts, agreed to by the parties.

John Balch, the father of the plaintiffs, on the 13th day of May, A. D. 1822, made his last will and testament, which, after his decease, was duly proved and allowed. By that instrument, among certain other dispositions of his estate, he bequeathed to his son, Plummer Balch, the sum of six hundred dollars, to be paid to him when he should arrive at the age of twenty-one years. The will also contained the following clause :

" I give, bequeath and devise unto my two sons, Robert Balch and Jefferson Balch, (the plaintiffs,) to their heirs and assigns forever, all my real and personal estate, in common, whatsoever, and all the legacies bequeathed me by my father, Robert Balch, not hereinbefore bequeathed and devised, after the foregoing legacies are paid by my executor, hereinafter named.   It is my will and desire that the said Robert and Jefferson shall maintain and support, in sickness and health, their brothers during their minority, except Eliphalet, and their sisters, until they arrive at the age of twenty-one years, or are married, in the same manner as fathers or guardians, my said children rendering due subjection as children, by labor and obedience to the said Robert and Jefferson : and if any of my children shall neglect or refuse to render obedience and labor to the said Robert and Jefferson, as aforesaid, a reasonable deduction shall be made from their legacies, as in the judgment of men shall appear just and reasonable."

On the 17th day of March, A. D. 1829, the plaintiffs and the defendant made an indenture, under seal, by which the plaintiffs agreed " to have Plummer Balch, a minor, and brother to the aforesaid Robert and Jefferson, live with the aforesaid Thomas Smith for the term of five years from the 14th day of March, A. D. 1829, or until he arrives at the age of twenty-one years."   And the defendant agreed to pay the plaintiffs one hundred and fifty dollars when the minor should become of age, and to support and maintain him, in sickness and health, to provide him with clothes, &c.   The indenture also provided that the infant was " to serve the defendant, in all things according to the provisions of the will of John Balch."

At the date of the indenture Plummer Balch was a minor, over fourteen years of age, and became of age on the 14th day of March, A. D. 1834.   In compliance with the provisions of the will, and at the request and by the directions of the plaintiffs, he lived with and served the defendant from the 14th day of March, 1829, to the 14th day of March,

1834, in such a manner as to fulfil the agreement of the plaintiffs contained in the indenture. After he became of age, he received of the administrator with the will annexed of John Balch, the legacy of six hundred dollars given him by the will. The defendant has not paid the plaintiffs the sum of one hundred and fifty dollars, according to his agreement ; but, without the consent of the plaintiffs, has paid to Plummer Balch one hundred and fifty dollars since he became of age. The plaintiffs were never appointed by the court of probate guardians of Plummer Balch. This action was brought to recover of the defendant the sum of one hundred and fifty dollars, according to the covenant in the indenture.

It was agreed that judgment should be rendered for the plaintiffs, or for the defendant, according to the opinion of the court.

*Brown*, for the plaintiffs.

*A. F. Sawyer*, for the defendant.

GILCHRIST, J. The plaintiffs were made, by the will of John Balch, testamentary guardians of Plummer Balch. The will provides that the plaintiffs shall maintain the minor until he shall become of age, in the same manner as fathers or guardians, he rendering due subjection by labor and obedience to the plaintiffs ; and if he should refuse so to do, a deduction is to be made from his legacy.

By the *stat.* 12 *Car.* 2*d, ch.* 24, it is enacted that a father may dispose of the custody and tuition of his children by will, so long as they remain under the age of twenty-one years, and that the guardian so appointed may maintain an action against any person who shall unlawfully detain such children, &c.

Chancellor Kent states that this act has been adopted in this country. 2 *Kent's Com.* 224. And although we have

Balch *v.* Smith.

no statute prescribing the powers and duties of a testamentary guardian, that one may be appointed by a testator is to be inferred from the case of *Noyes* vs. *Barber*, 4 *N. H. Rep.* 406 ; and from our statute of June 19th, 1828. *N. H. Laws* 358, (*Ed. of* 1830.)   And his powers are to be ascertained only from the language of the act of 12 *Car.* 2d, and the decisions thereon.   By the words of the act, the father only can appoint the guardian ; and his power to do so does not appear to be taken from him by the act of July 2d, 1822, which empowers the judge of probate to appoint guardians to minors, " when and so often as there shall be occasion." It was admitted, in the case of *Eyre* vs. *The Countess of Shaftsbury*, 2 *P. Wms.* 121, that such an office was one of personal trust, and not assignable ; and it was held by the court that a testamentary guardian takes place of all other guardians, and that the statute puts him *in loco patris.*   To the same effect is the case of *Rex* vs. *Isley*, 5 *Ad. & E.* 441. It was held by Lord Macclesfield, in the *Duke of Beaufort* vs. *Berty*, 1 *P. Wms.* 704, that the statute only authorized the father to choose a different person from him who would have been guardian in socage, and to continue the guardianship to the age of twenty-one years, instead of fourteen, and that a testamentary guardian had no more power than a guardian in socage, and was only a trustee.   Although it would seem that the older authorities held that a guardian in socage might transfer the ward to a stranger—*Crompton's Jurisdiction of Courts* 118—yet Mr. Hargrave suggests whether the guardianship was ever transferable by bargain and sale, as it is admitted to be a personal trust wholly for the benefit of the infant, and so not assignable. *Note* 13, *to Co. Litt.* 88, *b.*   And it is said, in *Gilbert's Eq. Rep.* 175, not to be assignable.

It would seem, therefore, that the defendant could not succeed to, nor the plaintiffs part with, any of the powers with which the testator had clothed them as testamentary guardians.   Nor is there any expression in the will which

would imply that the testator considered the guardianship as other than a personal trust. The minor is to be supported and maintained as parents or guardians maintain those under their care ; and the provision that the minor is to render "labor and obedience" to the plaintiffs, seems to make the trust as personal as can well be done.

Nor could the defendant have acquired any authority over the minor by this indenture, considered as an indenture of apprenticeship. If the guardianship be a personal trust, the superintendence over the minor cannot be transferred to a stranger by an instrument under the name of an indenture of apprenticeship. But considered even as such an instrument, this indenture is defective. By our statute of the 28th of December, 1805, *N. H. Laws* 175, (*Ed. of* 1830,) relating to masters and apprentices, a father may apprentice his children, over the age of fourteen years, by indenture, having the minor's consent expressed in the indenture. **As** such consent is not expressed in this case, the instrument would not be binding as an indenture of apprenticeship, even if it had been made by the father. *Day* vs. *Everett*, *7 Mass. R.* 145 ; *Matter of McDowle*, 8 *Johns.* 328 ; *The King* vs. *Cromford*, 8 *East* 25. And in no view of the case can the plaintiffs have any more extensive rights than those possessed by the father.

But admitting that the instrument might have been invalid at the time of its execution, both because the rights and duties of the plaintiffs were not assignable, and because the infant was not a party to it, still, under the circumstances of this case, the action may be sustained. The plaintiffs were residuary legatees under the will, and were entitled to the "labor and obedience" of the minor. If he had refused to render such labor and obedience, a reasonable deduction might, by the will, have been made from his legacy. This deduction, if it had been made, would have been for the benefit of the residuary legatees. The minor did not refuse to do as the plaintiffs desired, but lived with and rendered

service for the defendant, in such a manner that the covenants of the plaintiffs were fulfilled. He thus assented to the contract ; and, on becoming of age, ratified it by accepting the legacy, and asserting no claim against the plaintiffs for any compensation for his services. By accepting the whole legacy, he must also be considered as relinquishing all claim on the defendant for his services, thus leaving the plaintiffs to assert their claim under the indenture ; for he is not entitled under the will to the legacy, and a compensation for his labor also. The legacy was to become his, provided he should render labor and obedience to the plaintiffs. If he should perform this duty to another person, at the request of the plaintiffs, they would be estopped from asking any deduction from the legacy. As the intention of the testator was that they should have the benefit of his services, perhaps if he had accepted but a part of the legacy from the administrator, he might have maintained an action against the defendant to recover the value of his services. But this question need not be settled here. Whether he might have availed himself of any objection to such a disposition of his person and labor, or not, he did not choose so to do. Against him the plaintiffs have no cause of complaint, unless it be his apparent collusion with the defendant, and his acceptance of the sum of one hundred and fifty dollars, to which it seems he must have known that the plaintiffs were justly entitled.

But whatever exception might have existed in behalf of any person, this defendant has no answer to this suit. The contract was not prohibited by law, and was not fraudulent in fact. The defendant has acted as if he supposed the infant was entitled under the will both to the whole legacy, and to a compensation for his services. There is no objection, if he desire it, that he should take upon himself the risk that such was the legal effect of the will, except that he thus has delayed the plaintiffs in the exercise of their rights. But his legal views cannot, of course, affect his liability to

Balch *v.* Smith.

the plaintiffs. With the assent of the minor, he has reaped the full benefit of his contract, in receiving the labor of the minor. The plaintiffs have parted with their right to call on the infant for his services, as between themselves and the defendant, and the agreement has been executed. When the infant became of age, nothing remained but a duty on the defendant to pay the money according to the agreement. To pay this sum he has bound himself by a covenant under seal. It is unnecessary to inquire whether the covenants in the indenture were dependent or independent ; whether the rendition of the service by the minor for the defendant were a condition precedent to the maintenance of this suit, or not. Probably it was so ; as the plaintiffs agreed to have the minor live with the defendant for five years ; and as the money was not payable until the end of that time, the rendition of the labor was evidently the consideration for the defendant's covenant. The refined and subtle distinctions to be found in some of the earlier cases, between dependent and independent covenants, have been, to a great extent, removed by the more liberal construction adopted by recent decisions. The principle laid down by Lord Mansfield, in *Kingston* vs. *Preston*, cited in the case of *Jones* vs. *Barkley*, 2 *Doug.* 691, and now established, is that the dependence or independence of covenants is to be collected from the evident sense and meaning of the parties ; and, that however transposed they might be in the deed, their precedency must depend on the order of time in which the extent of the transaction requires their performance. Here, the plaintiffs' covenant, if it were a condition precedent, was performed ; and as no reason, either of a legal or equitable character, occurs to us why the defendant should not pay the money, the opinion of the court is that there be

*Judgment for the plaintiffs.*