PETERS and another against LORD:

IN ERROR.

A minor in the service of another, under a parol contract of apprenticeship, has a right to leave such service during his minority, and thereby terminate the relation.

And if such minor be afterwards employed and harboured, by a third person, this will furnish no ground of action, in favour of his former master, against such third person.

*It seems,* that the seduction of a minor, who is a servant *de facto*, though not a legal apprentice, from the service of his master, is actionable.

THIS was an action on the case, in two counts: the first, for enticing away the apprentice of the plaintiffs, *Charles Thomas;* the second, for receiving such apprentice into the defendant's service, and harbouring and detaining him, after he had left the service of the plaintiffs.

The cause was tried, on the general issue, before the county court of *Litchfield* county, *December* term, 1845.

On the trial, it was admitted, that *Thomas* was a minor, at the time of committing the grievances complained of, and

that no indentures had ever been executed ; and that the contracts of apprenticeship and hiring. if any such were made, were by parol between the plaintiffs and *Thomas.*

The plaintiffs offered evidence to prove, and claimed to have proved, the allegations in the last count in their declaration ; and that *Thomas* entered into and continued in their service, under such contracts, for the period of about two years and a half, for the wages of 30 dollars *per annum,* and his board ; and that when employed and retained by the defendant, he was the apprentice or servant of the plaintiffs *de facto.*

The plaintiffs prayed the court to instruct the jury, that they were entitled to a verdict, if the jury should find the allegations in the last count were true, and should find that said *Thomas* had, during his minority, by parol agreed to serve the plaintiffs, for a certain specified time, for such wages, and that before the time had expired, he, without the consent of the plaintiffs, without their fault, and against their will, left their service ; and afterwards, the plaintiffs had notified the defendant of these facts, and had requested the defendant not to harbour, employ or retain said *Thomas ;* and that the defendant did still subsequently employ or retain said *Thomas,* during any part of the time for which he so agreed to serve the plaintiffs

The defendant claimed, and offered evidence to prove, that about a fortnight before said *Thomas* was employed by him, he, *Thomas,* had departed from the service of the plaintiffs, with the declared intention of never returning thereto ; and that said *Thomas,* being a minor, had a right to avoid and rescind, and that he had rescinded, the contracts of apprenticeship and hiring between him and the plaintiffs, if any such had ever existed ; and that, at the time said *Thomas* was employed by the defendant, he was not in fact in the service of the plaintiffs, and had not been in their actual service, within the fortnight previous to the employment of said *Thomas* by the defendant.

The court did not instruct the jury in conformity with the request of the plaintiffs, but instructed them, that this contract, if any, having been made with a minor, and by parol, was not binding upon him ; and that he had a right to rescind and put an end to it, whenever he saw fit ; and that the defendant

could not be made liable on the second count of the plaintiffs' declaration, provided said *Thomas* entered the service of the defendant after he had abandoned and left the service of the plaintiffs. And if the jury should find there was any such contract as claimed by the plaintiffs, and should further find, that such contract had been rescinded by said *Thomas*, and that he had left the service of the plaintiffs, prior to his entering the service of the defendant, the plaintiffs could not recover, and their verdict must be for the defendant, notwithstanding they might find, that the defendant employed and retained said *Thomas*, within the time during which he agreed to serve the plaintiffs.

The jury returned a verdict for the defendant, on both the counts in the declaration ; and thereupon the plaintiffs filed their bill of exceptions, and brought a writ of error in the superior court ; which was reserved for the advice of this court.

*Woodruff* and *Hollister*, for the plaintiffs, contended, 1. That the contract of apprenticeship, in this case, was a valid contract, though made by parol, and by a minor. In a contract of apprenticeship, there is, *ex vi termini,* a semblance of benefit to the minor ; and it is not necessarily void, nor necessarily even voidable. *Keane* v. *Boycott,* 2 *H. Bla.* 511. *Foster* v. *Stewart,* 3 *Mau. & Sel.* 191. *Nickerson* v. *Easton,* 12 *Pick.* 191. 1 *Sw. Dig.* 51, 2. *Com. Cont.* 623, 4. *Steph. N. P.* 23. 57.

2. That if the contract was voidable, the minor could not rescind it until of full age. Such rescinding is in the nature of a contract to his disadvantage. 1 *Sw. Dig.* 51. *Com. Cont.* 623. *Bing. Inf.* 13, 14. Here, the charge of the court assumed that the parol contract of apprenticeship was *void*, and that the apprentice had a right to rescind it, when under age. In this the court erred ; for if there was a semblance of benefit to the minor, the contract was at most voidable only, and could not be avoided until the minor was of full age.

3. That whatever may be the rights of the apprentice, third persons cannot avail themselves of the want of indentures. Case lies for *enticing* away an apprentice *de facto :* so for *employing* an apprentice *de facto,* after notice. 2 *Chitt. Plead.* 645. 2 *Selw. N. P.* 844. (*Wheat.* ed.) *Steph. N. P.* 23. 58.

*Litchfield,*
*August, 1847.*

Peters
*v.*
Lord.

Why should any distinction be made between *enticing away* and *employing* an apprentice *de facto ?* The existence of indentures is of importance only as between the parties to the contract. They are for the protection of the minor only. The master cannot avail himself of the want of them ; nor can third persons. As to them, they are immaterial. It is not consistent with good policy, that third persons should be permitted to take advantage of the want of them. The court erred in placing the defendant in the shoes of the apprentice, and in allowing him the advantage of all the objections the minor could have made.

*F. Bacon,* for the defendant, contended, 1. That at the time of the injury complained of, the relation of master and apprentice did not exist between the plaintiffs and *Thomas,* either in *law,* or in *fact.* Not in law ; because this relation cannot be created except by indenture. *Stat.* 371. *tit.* 67. (ed. 1838.) 2 *Kent's Comm.* 363. *McDowles'* case, 8 *Johns. R.* 328. Not in *fact;* because this contract, being by parol and by an infant with an adult, is voidable. *Bing. Inf.* 49. *Stafford* v. *Roof,* 9 *Cowen* 626. *Willis* v. *Twambly,* 13 *Mass. R.* 204. *The King* v. *Cromford,* 8 *East's R.* 25. *Thomas* having avoided such contract, by leaving the plaintiffs, it was at an end, and the defendant was not liable for harbouring him.

2. That a contract of this character may be rescinded, during infancy. 2 *Kent's Com.* 237. 1 *Sw. Dig.* 58. *Shipman* v. *Horton,* 17 *Con. R.* 483. If such were not the case, it would, in this instance, be useless to the apprentice ; for he would have to serve the full time for which he might have been entrapped, and though, when he became of full age, he revoked, it would be of no benefit to him.

3. That at the time when the defendant employed *Thomas,* the plaintiffs had no legal right or interest, either in his person, or in the voidable and avoided contract which had existed between the plaintiffs and him ; nor had they any possession of *Thomas,* nor right of possession to him.

*Seymour,* on the same side, was stopped by the court.

ELLSWORTH, J. We see no objection to the charge of the

court. A legal apprenticeship cannot exist at common law, without writing ; nor, in this state, without deed or indenture, signed by the father or guardian, with the assent of the minor, expressed in the indenture ; and when an apprenticeship is to continue for more than one year, we see not why the statute of frauds does not require the contract to be in writing. Short of a strictly legal apprenticeship, a parent, guardian or friend may undertake and be bound himself for a minor ; but this does not make the minor an apprentice. In *Nickerson* v. *Easton*, 12 *Pick.* 112. and in 1 *Sw. Dig.* 61. it is said, a minor may bind himself, by a contract to serve, as a thing of propriety and necessity ; but this, if it be so, does not constitute an apprenticeship.

*Litchfield,*
August, 1847.

Peters.
*v.*
Lord.

In the present case, it is agreed, there is no contract in writing ; and hence *Charles Thomas*, when he left the plaintiffs' service, and two weeks thereafter, entered into the service of the defendant, was not an apprentice ; and hence the the main fact in the plaintiffs' case is not true. The minor had a right to leave the plaintiffs ; and having left them, the defendant had a right to employ him. Had the defendant seduced the minor from the service of the plaintiffs, they might, according to the cases, have treated him as their servant *de facto*, and recovered of the defendant.

We are of opinion that there is nothing erroneous in the judgment complained of.

In this opinion the other Judges concurred.

**Judgment affirmed.**