### ABNER W. DOANE *versus* JOSEPH W. COVEL.

An indenture providing that, in consideration of certain services of the apprentice, " to be paid to him or his mother, the apprentice is to board himself," is a sufficient " security to the sole use of the minor," within the R. S. c. 62, § 5.

A contract of apprenticeship, not conformable to the statute, is voidable by the apprentice.

In an action under R. S., c. 24, § 18, for " enticing an apprentice to leave his master," the defendant cannot take advantage of a voidable indenture which has never been avoided.

ON EXCEPTIONS.

ACTION brought under R. S., c. 24, § 18, for enticing an apprentice from his master, and harboring him.

Writ dated Dec. 14, 1869. The case was submitted to the presiding Judge, with leave to allege exceptions in matters of law.

The plaintiff, against the seasonable objections of the defendant, put into the case an instrument, dated April 1, 1867, signed by Anna Kellen, Henry T. Kellen and Abner

W. Doane, with an indorsement thereon, signed by A. W. Doane and Henry Kellen. The following is a copy of the indenture and indorsement.

"This indenture witnesseth, that Anna Kellen of Bangor, in the county of Penobscot and State of Maine, hereby places her son, Henry T. Kellen, a minor, with the consent of the said Henry T. Kellen, expressed by his signature hereto, as an apprentice to learn the trade or art of close plating, (so called,) with Abner W. Doane, of said Bangor; and he is to serve as such apprentice with the said Doane, from the date hereof to the first day of April, 1870, making three years. During which time the said Henry T. Kellen at the said trade or art with the said Doane shall faithfully serve; from the service of said Doane he shall not absent himself, but shall, in all things, and at all times, behave himself as a faithful apprentice ought, during the whole time aforesaid..

"And the said Abner W. Doane agrees to allow the said apprentice to attend the school in the district in which he lives, three months in every winter during the term aforesaid, so that he may be instructed to read, write and cypher; and to learn him, the said apprentice, the said trade or art of close plating; and pay him in money three dollars per week during the first year of said term, (excepting the time said apprentice is attending school,) and four dollars per week during the second year, and five dollars per week during the third year, (excepting the time said apprentice is attending school during the entire term.) And, in consideration of the above services, the said Henry T. Kellen or his said mother to be paid, the said Kellen is to board himself, and furnish his own clothing; and the said Doane is not to be responsible for any of his said apprentice's debts for necessaries, or for any other purpose."

"Bangor, May 2d, 1868.

"It is agreed by parties to the within indenture, that they shall continue and remain in full force according to their tenor; and said Doane is to pay said Kellen seven dollars

Doane v. Covel.

per week for the remainder of said term of apprenticeship, instead of sum named in said indenture. Said change of price is not to affect the validity of said within indenture in any other way or manner whatever."

It appeared that H. T. Kellen commenced working for the plaintiff under the indenture, April 1, 1867, and continued in his employ a year; that the plaintiff paid the apprentice the sum named in the indenture; that the apprentice left the plaintiff and worked for the defendant, a short time, and returned to the service of the plaintiff, May 2, 1868, whereupon the agreement indorsed on the indenture was made; that, thenceforward he continued to work for the plaintiff, until August 26, 1868, when he left and went to work for the defendant; that, all the time Kellen worked for the plaintiff, his wages were paid directly to him by the plaintiff.

The presiding Judge ruled that the action was maintainable and awarded judgment for the plaintiff for sixty dollars; whereupon the defendant alleged exceptions.

*F. A. Wilson & H. L. Mitchell*, for the the defendant.

1. A statute indenture must continue the service until the minor be twenty-one years of age. R. S., c. 62, § 2. "May" is imperative. *Reidell* v. *Congdon*, 16 Pick., 44. It is more advantageous to master and apprentice.

2. Payment to the minor *or* his mother is not "security to the whole use of the minor." R. S., c. 62, § 5. The disjunctive is different in its effect from the copulative. *Dodge* v. *Hills*, 13 Maine, 151.

*Charles P. Stetson*, for the plaintiff.

APPLETON, C. J. — This is an action brought for enticing an apprentice from his master and harboring him.

The facts were fully proved. Objections were only taken to the indentures produced in evidence.

1. It is insisted that they are not "to the sole use of the minor, and to be paid to him without any control on the

part of the parent or guardian at any time," as is required by R. S., 1857, c. 62, § 5.

By the terms of the indenture, the master agrees to pay the apprentice a certain sum for each week's work, — the sum increasing with each year of his apprenticeship. In a subsequent modification of the indentures, the plaintiff agrees to pay the said Kellen, the apprentice, an increase to June. The payments, as contracted, are to be made to him. By the indenture, the apprentice is to do certain specified services, and, " in consideration of the above services the said Kellen or his mother to be paid," &c. The promise is to pay the apprentice. If it were to be paid the mother, it would be for the use of the son. In *Dodge* v. *Hills*, 13 Maine, 151, the promise was "to pay the said J. H. & J. H., Jr.," the father and minor son, it was held to be sufficient security to the apprentice within the statute. "It is very manifest," remarks WESTON, C. J., " that whatever might be received by the father was in trust for the son, to be applied to his use." And such is the true construction of the indentures in the case before us. The assent of the apprentice is given to the payment of board, &c., to his mother for his use and benefit, and nothing more.

(2.) It does not specifically appear that the binding was "to the age of twenty-one years." If this were required, the defendant cannot take advantage of voidable indentures. A contract of apprenticeship, not conformable to the statute, is voidable only by the apprentice, and cannot be avoided by any other person or party. *Page* v. *Marsh*, 36 N. H., 305. "A voidable indenture," remarks EWING, C. J., in *Bloomfield* v. *Aquacknock*, 3 Hals., (N. J.,) 257, "is valid, subsisting and operative, until it is avoided by those who have power over it."

Further, it seems well settled, that a father may, at common law, assign the services of his minor son, and that indentures, though not in accordance with the statute, may be sufficient to transfer his right to such services. " The statute," observes WESTON, J., in *Emery* v. *Gowen*, 4 Greenl.,

33, "does not, however, make void indentures in assignments of the services of a child, not executed in the manner prescribed. They may be good at common law, during minority; and so they were held to be by PARSONS, C. J., in the case of *Everett* v. *Day*, 7 Mass., 145." So, indentures not under the statute were held binding on the father, though they might not be obligatory upon the son. *Lobdell* v. *Allen*, 9 Gray, 377.

At common law, whoever entices away the servant or apprentice of another is liable in an action of the case: Kellen was the apprentice of the plaintiff. The indentures, whether voidable or not, had never been avoided. It seems that the enticing away a minor, who is a servant *de facto*, from the service of his master, is actionable. *Peters* v. *Lord*, 18 Conn., 337. Much more, then, in a case like the present, when the indentures, whether voidable or not, have not been avoided. It is not for the person who wrongfully entices the servant to set up the defence that indentures are void, when the parties thereto do not claim such to be the case. *Exceptions overruled.*

CUTTING, KENT, WALTON, DICKERSON and TAPLEY, JJ., concurred.