JOSEPH BARTON, APPELLANT, *v.* PATRICK FORD, RESPONDENT.

*Articles of apprenticeship — they must comply with the requirements of chap. 934 of 1871.*

To entitle a master to recover from a stranger the value of work and services performed for and rendered to him by one alleged to be an apprentice, a valid contract of apprenticeship must be established by the plaintiff.

The mode provided by the Revised Statutes (2 R. S., 154) for the apprenticeship of minors, being inconsistent with the provisions contained in chapter 934 of 1871, the validity of articles of apprenticeship must be now determined by the latter act.

Articles of apprenticeship which do not contain the provision and covenant, specified in the second subdivision of section 2 of chapter 934 of 1871 — to the effect that the apprentice shall not leave during the term, and may be compelled to return if he does — are, because of such omission, rendered invalid and of no effect by the express provision of section six of the said act.

APPEAL from a judgment of the County Court of Onondaga county, affirming a judgment of a justice of the peace.

September 13, 1880, Hugh McShane (a minor fourteen years of age), the father of the minor, and the plaintiff, executed under their hands and seals a contract, by which the minor was apprenticed to the plaintiff for four years " to learn the trade, craft and business of cigar making." The mother of the minor on the same day consented to the contract of apprenticeship by a certificate indorsed thereon and executed under her hand and seal. The minor immediately entered into the service of the plaintiff, and continued

therein until April, 1881, when he left without the consent of the plaintiff, and in June and July thereafter was employed by the defendant for about thirty days.

This action was brought in a Justice's Court to recover for the work and labor performed by the minor for the defendant. The plaintiff was nonsuited and appealed to the County Court, where the judgment was affirmed. From which judgment of affirmance he appealed to this court.

*Fuller & Kellogg,* for the appellant.

*Jenny, Brooks, Marshall & Ruger,* for the respondent.

FOLLETT, J. :

To recover in this action against a person not a party to the contract of apprenticeship, the plaintiff must establish the existence of a valid contract of apprenticeship. (*Gye* v. *Felton*, 4 Taunt., 876; *Peters* v. *Lord*, 18 Conn., 337.) As against a wrong-doer, an apprenticeship *de facto* is sufficient to entitle a master to recover, but this is not an action for damages for enticing away a servant or employee.

The existence of a legal right in the plaintiff to the services of the minor, and to control his conduct, lies at the foundation of the action. The master must, so far as the right of service is concerned, stand in the place of the parent. Chapter 934, Laws 1871, provides a scheme by which minors may be apprenticed with the assent of the parents (if living), or (if dead), with the assent of the guardian or guardians. Section 7 repeals all acts or parts of acts inconsistent with this chapter. The Revised Statutes provided for the apprenticeship of minors in certain cases with the assent of the parents (if living), or (if dead), with the assent of the guardian. (2 R. S., 154.) The mode provided by the Revised Statutes is inconsistent with chapter 934, Laws 1871. The validity of the articles of apprenticeship in this case must be determined by the act of 1871.

Section six of the act of 1871 provides : " Any indentures made and executed wherein parts conflict with, or are not in accordance with the provisions of this act, shall be invalid and without any binding effect." Section two of this act provides : " Said agree-

ment or indenture, in order to make the law (contract) valid, shall contain the following covenants and provisions." Three provisions are then enumerated in the section. The first and third provisions of the section are contained in the contract of apprenticeship; but not the second, which renders the contract invalid by the express terms of the statute.

Having reached this conclusion, it is unnecessary to determine whether the assent of the mother, indorsed upon the contract executed by the father, is a sufficient compliance with the first section of the act, which requires that the agreement shall be executed by the parents of the minor, if living.

The judgment of the County Court is affirmed, with costs.

HARDEN, P. J., and BOARDMAN, J., concurred.

Judgment of the County Court of Onondaga county affirming the judgment of the Justices' Court affirmed, with costs.