NEW-YORK,
May, 1815.

COOK
v.
HUSTED.

COOK *against* SARAH HUSTED.

Where a mother promised to give to her son, the child, not then born, of a slave, and after the birth of the child, it continued with and was under the control of the mother, but was called in the family, the slave of the son, this was held not to be a valid gift, there being no delivery of possession.

Where one person employs the slave of another, the law implies a promise to pay the master for the services of the slave.

Where, in a justice's court, it appears that the subscribing witnesses to a deed, reside neither in the county in which the cause is tried, nor in the adjoining counties, it will be sufficient to prove the handwriting of the grantor.

Where the defendant gives in evidence a conversation between the plaintiff and a witness, in which the plaintiff declares that the subscribing witnesses to a deed, reside in another county, this is sufficient evidence of the fact of the non-residence of the witnesses in the county in which the cause is tried, to authorize the justice to admit other evidence of the execution of the deed.

IN ERROR, on *certiorari*, from a justice's court, in the county of *Dutchess*. Sarah Husted, the plaintiff below, sued *Cook*, and declared against him for work, labour, and services performed by a negro girl, alleged to be her property. The defendant below. pleaded non-assumpsit.

It was proved on the part of the plaintiff, that the girl was born the slave of *Mary Pugsley*, of whom the plaintiff two or three years before the trial had purchased her, and that *Mary Pugsley*, until the time of such sale, had the entire and exclusive control of the slave; and it appearing, from the confession of the plaintiff, in a conversation with the witness, that a bill of sale had been given; the defendant called upon the plaintiff to produce it, which was accordingly done. The defendant then contended that it must be proved by one of the subscribing witnesses; but, on its being proved, by the witness to the above-mentioned conversation, that the plaintiff had told him that the subscribing witnesses resided in *Westchester* county, and the witness also stating, that he had been informed, from other sources, that they lived there, and that he knew no such persons in *Dutchess* or the adjoining county, the bill of sale, although objected to, was admitted to be read in evidence, after the handwriting of *Mary Pugsley* had been proved. The defendant below claimed to have purchased the slave from *Israel Pugsley*, a son of *Mary*: and *Israel Pugsley* being called as a witness, swore that when he was about fourteen years old, his mother told him, that, if he would procure the women to assist at the birth of the child, she would give him the child, but whether he did so or not did not appear; that the child was always called his in the family, though his mother had the control over it. It was proved by other witnesses, that the child was called *Israel's* in the family. It appeared that the slave was in the defendant's service about a year and a half, and some evidence was given, to show that her service was not worth more than her living. The justice gave judgment for the plaintiff. for ten dollars.

*Per Curiam.* Whether the allowance for the service of the negro girl was not more than she earned, is an inquiry which we do not enter into. That was a matter proper to be determined by the court below, and of which the magistrate was the fit and proper judge. If the slave was the property of the plaintiff, the law will raise an implied promise on the part of the defendant to compensate her for the services of such slave. Both parties claim under *Mary Pugsley*, as once being the owner of this slave; and there is no sufficient evidence appearing on the return to show that she ever parted with her right to *Israel Pugsley*, under whom the defendant claimed. He could not be considered as a purchaser; no consideration whatever having been given by him, and he acquired no right to the slave, as a *gift*. A delivery of possession was essential to change the property, and this never took place, for it appears from the testimony on both sides, that *Mary Pugsley* continued to have the entire and absolute control of the slave, until she sold her to the plaintiff; and the only question, then, is, whether the plaintiff gave sufficient evidence of her right and title to the slave?

It is unnecessary here to say, whether the plaintiff was bound to give any evidence whatever of the execution of the bill of sale, it having been produced in consequence of being called for by the defendant; because, admitting it to be necessary, it was sufficiently proved. The absence of the subscribing witnesses, beyond the control of a subpœna from the justice, was sufficiently shown. The declaration of the plaintiff, as to their place of residence, when forming a part of the conversation inquired after by the opposite party, was competent evidence; but the witness went further, and proved the residence of the witnesses in *Westchester* county, by information and report from other sources. The absence of the witnesses beyond the jurisdiction of the court, and the handwriting of Mrs. *Pugsley* being proved, was sufficient to authorize the reading of the bill of sale in evidence, which, according to the return, vested the title to the slave in the plaintiff. The judgment must, therefore, be affirmed.

Judgment affirmed.