## LIVINGSTON *against* ACKESTON.

ON error from the C. P. of Columbia. The action below was assumpsit for work and labor by Ackeston against Livingston ; and the verdict and judgment was for the plaintiff, on the facts stated in a bill of exceptions, upon which the writ of error was founded. Those facts were, that Ackeston, a black man, worked for Livingston from the spring of 1819 till June, 1820, when he sold him to one Benn. That Livingston had bought him of one Ham, as a slave or servant, at $200 ; and that he was to serve till he was 28 years old. That he became dissatisfied, and procured Benn to purchase him of Livingston. That Ackeston was born of black parents, who kept house and acted for themselves as long ago as 1798, in which year he was born. The parents had be-

*Where one purchased the time of a negro till he was 28, for a valuable and full consideration, both the negro and vendee supposing that he was bound to serve that length of time though the negro was, in fact, a freeman, no action lies at his suit, against the vendee for his services.*

Under such circumstances, the law will not imply a promise to pay for the services.

Where work is done by one for the benefit of another, with his knowledge and approbation, the law will imply a promise to pay for it, unless it appear that there was an understanding that no compensation should be given ; but where there is such understanding, the law will not imply a promise.

NEW YORK,
May, 1826.

Livingston
v.
Ackeston.

fore been slaves to one Dings. Ham had also bought Ack eston as a servant till he was 28. He was sold to Liv ingston at 16 years and 4 months old.

The counsel for the defendant below moved for a non-suit, on the ground that there was no contract to pay wages, and none could be implied, between the parties. But the motion was overruled.

*D. B. Tallmadge,* for the plaintiff in error, cited 1 Com. on Cont 228, 9 ; *Alfred* v. *Marquis of Fitzjames,* (3 Esp. Rep. 3.)

*C. Bushnell,* contra, cited *Oatfield* v. *Waring,* (14 John. 192 ;) 4 L. N. Y. b. 136, s. 5 and 6 ; 4 Serg. and Rawle's Rep. 426 ; 1 id. 23 ; 1 Dall. 469 ; 2 Greenleaf's ed. L. N. Y. 88 ; 9 John. 144 ; 1 Cowen, 127 ; 1 R. L. of 1801, 613 ; *Jacobson* v. *Exrs. of Le Grange,* 3 John. 201 ; *Cook* v. *Husted,* 12 John. 188.)

*Curia,* per SUTHERLAND, J. The plaintiff, upon the evidence in the case, must be considered as having been a freeman, during the period he was in the service of the defendant. But the defendant purchased him as a slave in perfect good faith, for a large and valuable consideration. The plaintiff supposed himself to have been a slave; and at his own request, was sold by the defendant to a person whom the plaintiff had induced and procured to purchase him. There is no pretence of an express promise on the part of the defendant, to pay the plaintiff for his services; and the question is, whether, under the circumstances of this case, such a promise is to be implied. No doubt the services of the plaintiff, having been performed for the benefit of the defendant, with his knowledge and approbation, the law will imply a promise to pay for them, unless it appears they understood that no compensation was to be made. (*Jacobson* v. *Executors of Le Grange,* 3 John. 201.) In this case, it clearly appears, that such was the understanding of the plaintiff, as well as the defendant. The plaintiff knew, and admitted, that the defendant had purchased his time, until he was 28 years of age; that he paid 200 dollars for it

that he was entitled to his services. He procured another person to purchase the unexpired term of his services, from the defendant; thereby admitting the defendants' right to sell it. The law, under such circumstances, cannot raise an implied assumpsit.

The case of *Alfred* v. *Fitz James*, (3 Esp. Rep. 4,) is precisely in point. It appeared, in that case, that the plaintiff, a colored man, came over from Martinique with the dutchess of Fitz James, having been born a slave on an estate belonging to her in that Island. There was no contract of hiring for wages; but a witness said the marquis had been heard to promise him wages. Ld. Kenyon ruled, that up to the time of the promise to pay wages, the plaintiff could not recover, as there was no original contract of service for wages. (And vid. 1 Com. on Contr. 227.)

The case of *Cook* v. *Husted*, (12 John. 188,) has no analogy to this. There Cook purchased the time of a black girl from one Israel Pugsley. She did not, in fact, belong to Pugsley, but to Sarah Husted, the plaintiff; and the action was brought by her to recover the value of her services while she lived with the defendant. Having shown the slave to be her's and to have performed services for the defendant, she was, of course, entitled to be paid for them, unless there was something to show the parties understood that no compensation was to be made. There was nothing of that kind in the case; or from which it could be inferred.

Judgment reversed.