WOODBURN and WYLES *vs.* CHAMBERLIN and others.

In an action against several defendants, to recover the possession of personal property, where a taking of the goods by one of the defendants is fully proved, it is not a ground for a nonsuit generally, as to all the defendants, that no joint taking by them was proved.

If nothing appears, either in the pleadings or in the evidence, to charge a portion of the defendants, they will be entitled to a nonsuit, and the plaintiff may proceed and try the issues between himself and the other defendants.

In such an action the court has the power to adjudge a return of the goods, in favor of such of the defendants as shall appear to be entitled to a return, and to refuse it as to the others.

Although the jury find the exclusive possession of the goods to be in one of the defendants, they are not bound to render a general verdict in favor of all the defendants.

Where, in an action to recover the possesion of personal property, a portion of the defendants claim the entire possession, by virtue of a chattel mortgage, in hostility both to their co-defendant, the sheriff and the plaintiffs, and the proof shows that the sheriff levied upon the property, and held it, in subserviency to the mortgage, it is not necessary that the jury by their verdict should determine the value of the property admitted by the mortgagees to be in their possession. A general assessment of the whole value is all that is necessary.

Where a person takes a mortgage upon personal property, to secure a pre-existing debt, without parting with any new consideration, or relinquishing any security, or incurring any liability, upon the faith of the mortgage, he he will not be considered a *bona fide* mortgagee, as against the true owner of the property.

MOTION for new trial, on a case. The action was tried at the circuit held in the county of Monroe, in April, 1853, before Johnson, justice; verdict for the plaintiffs, judgment suspended, and case ordered to be heard at general term.

The action was brought to recover possession of personal

property. The complaint alleged that the defendants on, &c. at, &c. became possessed of, and wrongfully detained from the plaintiffs, the following personal property of the value of, &c. namely, (enumerating the articles claimed,) wherefore the plaintiffs demanded judgment against the defendants, awarding the possession of the said property to the plaintiffs, with damages, &c. for the unlawful detention. The defendant Chamberlin answered separately, and, among other things, denied "that he became possessed of said personal property jointly with the defendants Peter Hayden and Thomas S. Hayden," &c. The defendants Haydens in a separate answer denied that they became possessed of all the goods in the complaint mentioned; they admitted that they became possessed of a part thereof, but they averred that they had not any knowledge or information, sufficient to form a belief, of what particular part or portion of said goods they became possessed as aforesaid. This answer then denied the unlawful detention of the goods, or that they were of the value alleged in the complaint, and prayed a return of the goods. On the trial the plaintiffs gave evidence tending to show that one Daniel Daily, a retail merchant at Churchville, Monroe county, on the 18th of October, 1851, purchased the goods in question of the plaintiffs, who were wholesale merchants in the city of New-York, upon credit, and upon false and fraudulent representations in relation to his pecuniary circumstances; that the goods thus obtained were taken by Daily to his store in Churchville, where the defendant Chamberlin, who was sheriff of the county of Monroe, seized and levied upon them and took them into his possession by virtue of several executions against Daily. That the defendants Peter and Thomas S. Hayden having a chattel mortgage upon the goods, executed by Daily after they were taken by him to Churchville and before the levy by the sheriff, demanded possession of them of the sheriff, by virtue of their chattel mortgagage, and the sheriff refused to deliver them. The agent for the Haydens testified that he made this demand, and claimed on their behalf to have a superior lien to that of the sheriff. That the sheriff did not consent to recognize the

claim in behalf of the Haydens. That the sheriff then had exclusive possession of the goods. That subsequent to the levy by the sheriff and before the commencement of this action, the said witness, together with the attorney for the judgment creditors and the sheriff, went up to Churchville, and the witness as agent for the Haydens claimed the possession of the goods from the sheriff, and the attorney for the creditors also asserted their claim under the executions. The attorney for the plaintiffs in this action testified that on the 25th of December, 1851, the evening before he commenced the action, he made an application to the sheriff to know how he levied, who replied that he had levied subject to the mortgage of the Haydens. Evidence was also given, on the cross-examination of some of the defendants' witnesses, tending to show, that after the sale of the goods in question to Daily by the plaintiffs, they sent an agent to Churchville to see Daily about his indebtedness to them, and upon inquiry of Daily and examination at the store, expressed himself satisfied; and after being there from half an hour to an hour, left for New-York. It was on the 6th day of November that he was at Daily's store. After the plaintiffs had rested, the defendants moved for a nonsuit, upon grounds which were stated in the case as follows : " 1. That the action being founded upon a joint taking, or detention, and the plaintiffs having failed to show any concert of action between the defendants in reference to the property claimed, or any joint possession or detention by them, they have failed to make out their cause of action. 2. An action of replevin, being a proceeding *in rem*, judgment for a return of the goods must be in favor of all the defendants, and therefore a several judgment could not be given in favor of any one of them. 3. Because the plaintiffs, having disproved the possession of the Haydens, they cannot now return to their admissions to free themselves from costs; and the Haydens should have judgment against the plaintiffs, notwithstanding the very imperfect admissions in their answer. 4. It having been made to appear that the plaintiffs, after having been warned of the possible insolvency of Daily, sent an agent with all powers to act in the matter, and

Woodburn *v.* Chamberlin.

that agent having gone to the store of Daily several weeks after the sale, and there on due inquiry affirmed the sale, the plaintiffs' right of recaption was at an end, or virtually abandoned." The motion for a nonsuit was denied, and the defendants excepted. The counsel for the defendants Haydens then moved for leave to amend their answer, by striking out that part thereof claimed by the plaintiffs as an admission of possession of a portion of the goods mentioned in the complaint, so as to make the answer conform to the facts proved by the plaintiffs, on such terms as should be just; which motion was denied, and an exception taken.

The defendants then requested the court to charge the jury as follows: 1. That if the jury found exclusive possession in the sheriff the defendants must have a verdict. 2. That there was no proof by which the jury could assess the value of the goods admitted in the answer to be in the Haydens. The value as against them could only be a nominal sum—at six cents. 3. That if the jury should believe the evidence in reference to the execution of the chattel mortgage, by Daily to the Haydens, the latter were entitled to be protected as *bona fide* purchasers, and were entitled to the possession of the goods covered by the chattel mortgage as against the plaintiffs, and that their verdict should be, in that case, in favor of the Haydens. 4. That if the jury should believe that the agent of the plaintiffs, on due inquiry on the 6th of November, 1851, became satisfied and suffered the goods to remain in Daily's possession, the plaintiffs were to be regarded as having affirmed the sale; in which case there should be a verdict for the defendants. The court refused to charge the jury as requested, but on the contrary decided that the Haydens were not to be regarded as holding in the character of *bona fide* purchasers, but having taken security for a precedent debt, as standing in the same position as other creditors. To which charge and refusal to charge as requested the defendants excepted. The jury rendered a verdict in favor of the plaintiffs.

*T. Hastings*, for the defendants.

*J. H. Martindale*, for the plaintiffs.

Woodburn *v.* Chamberlin.

*By the Court,* WELLES, J.    It is now insisted, on the part of the defendants, that the circuit court erred in refusing to nonsuit the plaintiffs, upon the ground that no joint taking by the defendants was proved.    It is not denied that the taking by the defendant Chamberlin was fully proved.    For aught that appears, he still has the goods in his possession ; and if the taking was wrongful, it is difficult to perceive what ground of complaint he can have, on account of the other defendants being joined with him in the action, assuming that there was no evidence of such interference by them as to render them wrongdoers.    If nothing appeared, either in the pleadings or evidence, to charge them, *they* might be entitled to a nonsuit ; and in that case it would be perfectly regular for the plaintiff to go on against Chamberlin and try the issues between him and the plaintiffs.    The nonsuit, however, was not asked for as to the Haydens, but the judge was requested to nonsuit the plaintiffs generally, as to all the defendants.    This was asking too much, and the nonsuit was properly refused, on that ground.    In respect to the difficulty suggested upon the argument, of ordering a return of the goods to the defendants in case the plaintiff should fail altogether, none such exists, as the court undoubtedly has the power to adjudge a return in favor of such of the defendants as should appear to be entitled to a return, and to refuse it as to such of them as were not.

The defendants, the Haydens, by their answer, admit themselves in possession of a portion of the goods in question, and pray a return of the goods, generally, to themselves.    There is evidence tending to show that the defendant Chamberlin levied upon and held the goods subject to the chattel mortgage of his co-defendants, the Haydens, who claimed possession by virtue of that mortgage ; and I think the judge at the circuit decided correctly in refusing to allow them to amend their answer by striking out the admission.    Besides, it was a question of discretion with him, which, if not greatly abused, is not to be interfered with.

The defendants' counsel also contends that the judge erred in refusing to charge the jury that if they found the exclusive

possession of the goods to be in the sheriff, Chamberlin, a general verdict should be rendered in favor of the defendants. This point has been already substantially considered and disposed of. There is no difficulty in sustaining the action against one of the defendants and acquitting the others. But the request was inadmissible, on another ground. It is not inconsistent with the idea of a joint taking. The request related to an exclusive possession in Chamberlin, at the commencement of the action. The original taking might have been joint, and the possession at the commencement of the action might be exclusive in the sheriff; and yet the Haydens liable to be sued with Chamberlin in this action.

It is also urged that the judge erred in refusing to charge as requested on the question of assessment of the value of the property, as against the Haydens. This point is based upon the absence of evidence of the value of the goods admitted in the answer of the defendants Haydens, to be in their possession. It appears by the testimony of the witness Weatherhead, that the goods replevied were selected by him from the goods in the store of Daily at Churchville, and that they were the same which were sold by the plaintiffs to Daily on the 18th of October, 1851, and that their value was over $50. That the purchase of the bill of goods on that day, and which is claimed to have been fraudulent, amounted to $434.30. That is the amount claimed in the complaint to be the value of the goods taken, which is denied in the answer of the Haydens, but not in that of Chamberlin. The defendant Chamberlin denies in his answer that the defendants Haydens had any possession of the property delivered to the plaintiffs by virtue of the proceedings in this action, and avers that the same were in his exclusive possession and under his control. One of the questions which appears to have been litigated at the trial, was whether the Haydens had any possession whatever, they contending that they had none. The evidence however shows that they claimed the entire possession by virtue of their chattel mortgage, in hostility both to the sheriff and the plaintiffs, and, as before remarked, there was evidence to show that the sheriff levied upon and held them in

subserviency to their mortgage.    Under this state of the plead-
ings and evidence, it was of no importance that the jury by their
verdict should determine the value of the property, admitted in
the answer of the Haydens to be in their possession.    A gen-
eral assessment of the whole value was all that was necessary.
It was all delivered by the coroner to the plaintiffs, and they
having recovered a verdict in this action affirming their right to
it, the only importance of the value is upon the question of
costs.

Another ground upon which the defendants now ask for a
new trial is, that the judge refused to charge the jury, as re-
quested, that if they should believe that the agent of the plain-
tiffs, on due inquiry on the 6th November, 1851, became satisfied,
and suffered the goods to remain in Daily's possession, the
plaintiffs were to be regarded as having affirmed the sale, and
that there should therefore be a verdict for the defendants.

Admitting the plaintiffs by their agent did become satisfied
that no fraud had been practiced upon them by Daily, still,
if the fact were otherwise, it only proved that the agent was
mistaken.    It clearly would not make the title in Daily any
better; and unless the right of a *bona fide* purchaser became
vested or was affected by the examination of the agent and the
conclusion he arrived at in consequence thereof, it was not ne-
cessarily a reason why the jury should find a verdict for the de-
fendants.

It is also urged, in support of the present motion, that the
Haydens are to be regarded in the light of *bona fide* purcha-
sers, and are to be protected on that ground.    That the judge at
the circuit having declined so to advise the jury, and having held
that they were not to be so regarded, a new trial should be
ordered.  In *Malcom & Gaul* v. *Loveridge and others,* (13
*Barb. S. C. R.* 372,) we held that a *bona fide* purchaser or
mortgagee of goods, for a valuable consideration, from a person
in possesion, who obtained them from the owners by false pre-
tenses, amounting, under the statute, to felony, will hold them
against the first vendor, provided such vendor voluntarily parted
with the possession, and intended to part with the title.    In

Woodburn *v.* Chamberlin.

order for the defendants, the Haydens, to bring themselves within the principle decided in that case, it must appear that they were *bona fide* mortgagees of the property in question ; and to entitle them to the benefit of the principle, on the present motion, it must appear that evidence was given on the question of the *bona fides* of their mortgage which it was the duty of the judge to submit to the jury, upon which they would have been warranted in finding in the affirmative. Upon looking into the evidence, however, we see precisely what it was, and what facts it established on this question, about which there could be no dispute. The chattel mortgage was dated November 1, 1851. It was given to secure the payment of $685.98, the amount of two notes dated October 30, 1851, payable in five and seven months. There is no evidence showing when the indebtedness arose, if at any time previous to the date of the notes. It is sufficient that it existed before the mortgage was given. · It was a pre-existing indebtedness, which effectually repels the idea of the Haydens being *bona fide* mortgagees, as against these plaintiffs. The former acquired no title or lien by virtue of their mortgage, as against the true owner. They parted with nothing, nor did they relinquish any security or incur any liability upon the faith of the mortgage.

A new trial should be denied.

[MONROE GENERAL TERM, March 6, 1854. *Welles; Johnson* and *T. R. Strong,* Justices.]