## J. W. BOND, Plaintiff in Error, vs. HARRIET B. CORBETT, Defendant in Error.

A complaint contained a count for work and labor done for the defendant to the amount of forty dollars. The answer admits the labor, denies time of commencement, and avers that it was performed under special agreement, by which defendant was to pay for it by furnishing plaintiff a room in his house and boarding her and her two children, and alleging performance. The reply admits the agreement, but avers that the room was not furnished until after she had worked one month. Upon this issue the plaintiff offered to prove what the room was worth during the month she was deprived of it:—*Held,* That the plaintiff cannot perform the agreement on her part and accept the part performance of the defendant, and then rescind and recover on a *quantum meruit.* While the special agreement is in full force she cannot resort to the general counts.

Upon the above issue, the Court charged the jury that the burden of proof as to the special contract was on the defendant, and, if it was not made out, they should allow what was proved to be the value of plaintiff's services:—*Held* to be error, and that the contract as admitted in the pleadings needed no proof, and, being partly performed and unrescinded, was in full force; and that the defendant could not recover under a *quantum meruit,* but must sue upon the contract for damages.

Where a party offers evidence for a *specific* purpose which is objected to, the Court in ruling upon its admissibility will not be obliged to take into consideration any other view than the one advanced by the party offering the evidence, and his ruling may be confined to that aspect alone; and, although the evidence may be pertinent in other respects, if ruled out there is no error, and the party will be confined to his offer on review. And the same rule is applicable to the party objecting: if he specify the grounds of his objection he is confined to them, and cannot urge other or different grounds as reasons why the testimony should be rejected.

And where a question is asked *generally* of a witness without any grounds of its object being generally stated, and its admissibility is argued upon a theory advanced by the party objecting, and answered by the party offering, and ruled upon by the Court in reference to such theory, the party offering is estopped from urging its admissibility here on *other* grounds not presented at the time of the offer: he is bound to intimate to the Court at the time of the offer, that the testimony is admissible for other purposes and in other views than those upon which it has been argued; and if he omits to do so he will be held to have acquiesced in the view taken by the objecting party, and to stand in the same position as if he had made the offer specifically upon such views. [Mr. Justice FLANDRAU differs from the majority of the Court in the last proposition.]

A loan of $569.55 was alleged in the complaint, and denied in the answer. Under that denial the defendant may prove any fact in *connection with the particular transaction* which the plaintiff claims to be a loan, to show that it was not a loan or *that* it was not a loan to the defendant, without proving a special defence.

Where a party embraces several propositions in a general request to charge, some of which are well stated and some not, the Court may decline to charge as requested and it will not be error.

*Bond v. Corbett.*

The only error in this case being confined to the count for the plaintiff's services as housekeeper, the court holding that this error did not influence the rest of the cause of action, modified the judgment of the Court below by striking out the item claimed under that count.   Justice FLANDRAU dissents; holding that, upon error, a new trial should be granted in all jury cases, except when the error is limited to a part of the cause of action which may be ascertained by computation or equivalent certainty, and is susceptible of separation from the rest of the judgment without difficulty or doubt as to whether or not the error complained of influenced the jury for or against either party.

This case comes to this Court by Writ of Error to the District Court of Ramsey County.

The case was tried by jury and the errors complained of arise upon exceptions taken to the admission and rejection of certain evidence, and to the charge of the Court to the jury, which appear at length on the Bill of Exceptions contained in the record certified to this Court.   A motion for a new trial was denied by the Court below, and judgment entered upon the verdict.

The points made by the parties, and the opinion of the Court, contain sufficient reference to the several alleged errors reviewed here.

[The points of Counsel for Plaintiff in Error are not on file.]

The following are the points and authorities of Counsel for Defendant in Error:

*First.* That the evidence proposed and offered by the Defendant's counsel upon the trial, to prove that the sum of $569,-55, first mentioned in the complaint, was money belonging to the estate of Wm. F. Corbett, deceased, at the time of his decease, and that it was in the hands of Wm. R. Marshall, of St. Paul; that the Plaintiff was administratrix of the estate of said Corbett, and in her representative capacity of administratrix, authorized the Defendant to receive said sum of Marshall; that he did so receive it of the estate and was to account to the estate therefor, and not to the Plaintiff,—*was* properly and legally refused and excluded by the Court, upon the grounds and for the reasons stated in the Bill of Exceptions. *See Van Santvoord's Plead.*, (2nd Ed.) *p.* 406, 407, *and How. Prac. Rep. p.* 441, *Houghton vs. Townsend;* 12 *Barb. Rep. p,* 576, *Stoddard vs. O. A. Conference;* 10 *Barb. Rep. p.* 328, 329, *Tay vs. Granstead;* 2 *Duer Rep. p.* 176, *Gibon vs. Levy; Stat. Min.* 333–8, *Sec.* 66–67; 2 *Barb. S. C. R.* 473, *Insur-*

*ance Co. vs. Insurance Co.*; 16 *Barb.* 57–58, *Parker vs. Bailley ;* 6 *Barb.* 144, *Walrod vs. Bennett.*

*Second.* Executors and administrators may and should sue in their own names for money belonging to the estate, loaned by them or any cause of action accruing after the decease of the intestate as such executors or administrators. *Rev Stat. Min., p.* 333; *Sec.* 29; 5 *Sanford R.* 435, *Bright vs. Curry*; *The points made by Bosworth, Judge, and authorities cited by him in same case, p.* 437, 2 *Selden Rep.* 168, *Meret vs. Seman*; 14 *Mass. Rep.* 327, *Morey vs. Adams.*

In such an action, no offset that the Defendant may have against the estate, can be proved or allowed. *See authorities before cited ;* 2 *Hill Rep. p.* 210; *Mercine vs. Smith,* 4 *Cow.,* 87, 550; *Chamberlain vs. Spencer,* 5 *Wend.* 92; 11 *Johnson,* 402.

*Third.* When it is clear that if the rejected evidence had been admitted, it could not have changed the result, a new trial will not be granted. *See* 2 *Graham and Waterman on new trials,* 671.

*Fourth.* When evidence is offered for a specific purpose, and it is inadmissible for that purpose but is admissible for another purpose not alluded to at the trial, the rejection of such evidence is not ground for a new trial. 2 *Graham and Wat. on new trials, p.* 669; 3 *Philips on Ev.* 790; 7 *Curtis, S. C., R.* 601; 13 *Conn.* 361; 1 *Comst. R. p.* 83; *Henry vs. Bank, &c.*

*Fifth.* It is not error for a Court to refuse to instruct the jury upon points not at issue by the pleadings in the case. The instruction which the counsel for the Plaintiff in Error asked the Court below to give the jury, was not upon the issue made by the pleadings and was not applicable to the evidence in the cause, and if such instructions had been given, they would have been irrelevant and erroneous, and the same were properly refused. 1 *Cushing's Reports* 395, *Drake vs. Curtis*; 8 *Blackf.* 237, *Patterson vs. Ive;* 4 *Cush. Rep. p.* 593, *Commonwealth vs. Shaw;* 39 *"Maine,* (4 *Heath,*) 407, *State vs. Hall;* 4 *Zabr. (N. J.)* 697, *New Brunswick Co. vs. Turne;* 11 *Barb S. C.* 241, *Lyon vs. Marshall;* 2 *Comstock* 193, *Shorter vs. People;* 17 *Barb.* 549, *Gardner vs. Clark;* 2 *Ohio, (New Series)* 45, *French vs. Milliard.*

*Sixth.* That it appears from the record in the bill of exceptions, that the several questions put by Defendant's counsel to the witness Bond, and the evidence responsive thereto sought to be elicited to prove or tending to prove, that the sum of $569,55 first mentioned in the complaint, was money belonging to the estate of Wm. F. Corbett, and loaned by the Plaintiff in her representative character as administratrix, to the Defendant, would not if the same had been admitted and received, constituted or tended to constitute any legal or valid defence to that cause of action, and was therefore properly rejected. *See authorities before cited.*

*Seventh.* The application made on the part of the Plaintiff on the trial, for leave to amend the complaint, was addressed entirely to the discretion and judgment of the Court below, and the same was properly allowed, and the amendment was fully justified and warranted by the facts and law of the case, and the propriety of which the Court will not consider or review. *See Statute, p.* 340; *Chap.* 70, *Sec.* 90; *Vorhees Code* 215, *note g;* 1 *Monell Prac.* 368; 2 *Duer,* 481; 5 *Sanford* 224; 6 *Barb.* 308; 4 *Seld.,* 146.

*Eighth.* That the instructions to the jury requested by the Defendant's counsel at the conclusion of the trial below, was inapplicable to the issue tried upon the pleadings, and not called for or justified by the evidence in the cause, and was therefore properly refused by the Court. *See* 8 *Blackford R. p.* 118, *Marques vs. Rogers*; 3 *Graham on New Trials,* 718, *last ed.;* 3 *Barb. Rep. p.* 548, *Vallence vs. King;* 3 *Graham on New Trials,* 766, 767; 16 *Conn.* 450, *Smith vs. Case.*

*Ninth.* That the motion made on behalf of the Defendant for a new trial, was properly denied and cannot be reviewed in this Court upon a Writ of Error.

*Tenth.* That the verdict and judgment below is fully sustained by the evidence and law of the case.

Brisbin & Bigelow, Counsel for Plaintiff in Error.

John B. Sanborn and M. E. Ames, Counsel for Defendant in Error.

*By the Court*—Flandrau, J. The complaint contains a count for work and labor alleged to have been done and per-

formed by the Plaintiff for the Defendant, to the value of
Forty Dollars. This count is on a *quantum meruit.* The an-
swer admits the labor, denies the time of commencement, and
avers that it was performed under a special contract by which
the Defendant was to pay for it in furnishing the Plaintiff a
room in his house and boarding her and her two children,
and alleges performance. The reply admits the special agree-
ment, but avers that the Defendant did not furnish the room
until after the Plaintiff had worked for him one month. The
proof made by the Plaintiff is, that she began to work for the De-
fendant on the 15th or 18th of November, 1854, and continued
to work for him until May 1st, 1855, and that she worked for him
all the time under a special contract, which she states, in sub-
stance, to be as alleged in the answer; and alleges that she
worked over one month before Defendant would let her have the
room, and that she derived no benefit, use or rent from it during
this period. The Defendant offered to prove what the room
was worth during the month that she was deprived of it while
working under the contract, which was objected to by Defend-
ant's counsel, but the Court allowed the evidence.

The contract stood admitted on the pleadings, and the Plain-
tiff had sworn that she performed the work under it. The
Plaintiff undoubtedly had the right to refuse to proceed under
the contract when the Defendant refused to furnish her the
room: she might have rescinded the contract; but she could
not go on under the contract, and perform on her part and ac-
cept the performance on the part of the Defendant as far as he
did fulfil, and then claim the right to rescind and recover a
*quantum meruit.* She was bound to do one thing or the other
at the outset: she elected to stand by the contract and fulfil on
her part, and accept the partial performance of the Defendant;
if she has a cause of action against the Defendant for her labor
and the partial failure by the Defendant, it must be *on the
contract* and *for the breach* by the Defendant. Where a spe-
cial agreement remains in full force the Plaintiff cannot resort
to the general counts. *Raymond et al. vs. Beanard,* 12 *John.*
274; *Tuttle vs. Mayo,* 7 *John.* 132, note a at end of case; *Wilt
& Green vs. Ogden,* 13 *John.* 56 ; *Jennings vs. Camp,* 13 *Johns.*
94; *Pierce vs. Drake,* 15 *Johns.* 475; *Champlin vs. Butter,*

18 *Johns.* 169; *Wood vs. Edwards,* 19 *Johns.* 205; *Jewell vs. Schroeppell,* 4 *Cowen,* 564; *Chitty on Contracts,* 636, 539; *Colville vs. Besley,* 2 *Denio,* 139.

The Court charged the jury on this branch of the case, that the burden of proof as to the special contract was on the Defendant; that, if it was not made, they should allow the Plaintiff what from the whole testimony was proved to be the fair value of the services. This was excepted to by the Defendant. The contract being admitted by the pleadings, and the Plaintiff herself having sworn that she performed the labor under it and that the Defendant had performed all but providing the room stipulated for, the Court should have charged that the contract needed no proof, and being partly performed and unrescinded, was in full force, and that the Plaintiff could not recover under a common count for work and labor, but must sue upon the contract for damages. Permitting proof of the value of the room, and the charge to the jury on this head, were both error.

The complaint contained a count for $569.55 loaned to the Defendant by the Plaintiff, which was denied by the answer. The Plaintiff testified to loaning the money to Defendant, and on her cross-examination the Defendant asked her the following question: " Where did you obtain this money? " The Plaintiff objected to it, on the ground that it was irrelevant to the issue and immaterial. The bill of exceptions then contains a statement that " the competency of the question was then argued by the respective counsel in the usual order, upon a theory previously suggested by the counsel of the Defendant, that the said $569.55 was held by Plaintiff, and so loaned to Defendant in a representative capacity, as the administratrix of her deceased husband—counsel for Plaintiff insisting that it was incompetent in that view, counsel for Defendant insisting that it was competent. No other ground of competency or incompetency was argued or suggested." This is inserted in the bill for the purpose, as we are informed by counsel, to show that the Defendant asked the question with a view to eliciting evidence that the loan was made in a representative capacity; and being offered with such view alone, the Defend-

ant cannot shift his ground and claim that it is material and relevant for other purposes.

It is true that where a party offers evidence for a specific purpose and it is objected to, the Court, in ruling upon its admissibility, will not be obliged to take into consideration any other view than the one advanced by the party offering the evidence, and his ruling may be confined to that aspect alone; and, although the evidence may be pertinent in other respects, if ruled out there is no error, and the party will be confined to his offer on review.

The same rule is applicable to the party objecting: if he specifies the grounds of his objection he is confined to them, and cannot urge other or different grounds as reasons why the same should have been rejected. A different rule would mislead the Court. A party being at liberty to propose his testimony, or object to that of his adversary on such grounds as he may see fit, without restriction, can sustain no injury from the rule.

The point to determine here is, whether, where a question is asked generally to a witness, without any grounds of its object being specially stated, and its admissibility is argued upon a theory advanced by the party objecting, and answered by the party offering the evidence, and ruled upon by the Court in reference to such theory, the party offering is estopped from urging its admissibility here on other grounds not presented at the time of the offer. The majority of this Court are of the opinion, that the party offering the evidence in such a case, is bound to intimate to the Court that the evidence is admissible for other purposes, and in other views than those upon which it has been argued, if he wishes the Court to rule upon such points, and that if he omits to do so, he will be held to have acquiesced in the view taken by the objecting party, and to stand in the same position as if he had made the offer specifically upon such view, and this Court will not allow him to deviate from the position assumed below. The Court think this due to fair dealing in the Court below, and should be so held to protect the Judge, and party objecting, from imposition. I acknowledge the force of the position, but think it at least

doubtful, whether a party who makes a general offer, can be limited by any position his adversary may please to assume.

There can be no doubt that if the Court should ask him if he urged the evidence on any other ground, and he should say that he did not, or refuse to say whether he did or not, that he would be confined to the position assumed on the argument. I have doubts however whether a new trial should be granted in this case, on this question, if my view obtained with this Court, as it is evident that a correction could not change the result.

The question propounded to the witness John W. Bond, "state whether or not in May, 1854, or at any other time, you received the sum of $569,55, or any other sum, from the Plaintiff, and if so, the facts in relation to its receipt?" was in fact answered by the witness in the negative, and the ruling of the Court cannot be regarded as more than a caution to the witness not to state anything in his answer which would be a special defence, which was very proper, as no special defence was set forth in the answer, and we cannot tell whether the witness had anything more to say in answer to it than the mere denial which he gave, but we think that under the denial of the loan in the answer, the Defendant could prove any fact *in connection with that particular transaction,* which the Plaintiff claims to be a loan, to show that it was not a loan to the Defendant, without proving a special defence. It is true it would be a defence if it defeated a recovery, but I understand a special defence to be something in the nature of a release, an accord, an offset, something which does not deny wholly the transaction alleged, but seeks to avoid it by what took place subsequently, or by some legal difficulty which exists to a recovery. Under a general denial by a Defendant, the Plaintiff is bound to prove what he alleges, and the Defendant has a right to disprove it, as for example, in the present case, the Plaintiff was obliged to prove that she let the Plaintiff have the $569,55 as a loan. The Defendant is entitled to put the Court and jury in possession of the whole transaction connected with the Plaintiff's letting him have the money; he is not obliged to be satisfied with the view that the Plaintiff pleases to take of it, and if he does not know personally all the facts,

he can elicit them by cross examination of the Plaintiff's witnesses, or prove them by others. There is no more reason or justice in saying that only one side of the transaction shall appear in this case, than in the proving of any other fact. The allegation of the loan and the denial, put in issue the whole circumstance of the Plaintiff putting the Defendant in possession of that particular sum of money, and the Court and jury should, as in every other instance, have the whole affair placed before them in order that they may decide truly whether the Plaintiff is sustained in all she claims. If it turns out that there was no loan at all, then the Plaintiff has failed to prove her side of the issue, and the Defendant's denial prevails. *See Van Santvoord's Pleadings*, 1*st Ed.*, 236–7, 2*d Ed.*, 461–5. Anything that tends to controvert *directly* the allegations in the complaint may be shown under a general denial.

All the evidence offered by the Defendant to show that the claim of $569.55-100 was loaned to him by the Plaintiff in her representative capacity as administratrix of her husband, or rather to ascertain whether it was so loaned or not, should have been admitted, not as a defence to the loan, as it would not have effected that result in any view, but he had a right to know in the action by the proof or the pleadings in what capacity the recovery was had against him, and by what interest. The Plaintiff had a right to sue in her own name, or as administratrix of the estate of her husband, even if the loan had been made with the money of the estate ; she could select either action, and have a recovery in either, and it seems that a majority of the judges in *Bright vs. Curvie*, 2 *Sanford, S. C. R.* 433, thought that it would be surplusage to describe the capacity in which she sued as she could sue in either with the same result. But the very existence of a rule that allows the Plaintiff to enshroud himself and his cause of action in doubt and mystery, should serve as a reason for allowing the Defendant to clear it up for his own protection in the future. If he is not permitted to draw out the exact nature of the cause of action, and the real interest in which the demand is prosecuted, how is he to frame his course and defend himself against future prosecutions on demands between himself and the Plaintiff. The evidence was admissible in this view, but the rejection of it

could not influence the verdict, so as a new trial should not be allowed on that ground.

The amendment of the complaint allowed by the Court, was similar in every respect to that allowed in the answer, save in the amount added which was greater; the Defendant did not request a continuance, or claim that it took him by surprise, its allowance was a matter of discretion, and I do not see any abuse in its exercise.

There was no error in the refusal of the Court to charge the jury on the subject of the board of Defendant, the use of the Plaintiff's furniture, and the extra charge for housekeeping by the Plaintiff, as requested by the defendant, because the request embraced too much.

There was some evidence on both sides, showing that where the Plaintiff furnished the board to the Defendant there was no intention to charge for it, and had the proposition been confined to this item, the Court should have charged as requested, because where services are rendered or materials furnished gratuitously, no subsequent change in the relation of the parties will authorize an action to be maintained for them. 2 *Strange R.* 728; 1 *Espinasse, R.* 187; 4 *Dall.* 111; 3 *Johns,* 199; 5 *Cow.* 531.

The housekeeping was clearly proven by both parties to have been done under an express contract for reward, and was so admitted in the pleadings. The jury would not have been authorized to have found differently.

It is true, that under certain circumstances where services are rendered between members of the same family no promise to pay will be implied, and no presumption of an intention to pay will arise; but to sustain an action an express promise must be proved (3 *Cow.* 318, per Pratt, Justice), but this question does not arise where a promise is undisputed. Where a party embraces several propositions in a general request to charge, some of which are well stated and some not, the court may decline to charge as requested and it will not be error: *Doughty vs. Hope,* 3 *Denio,* 595; 1 *Comstock,* 79. The Judge did charge, however, in the same manner that he had previously done, which has been considered.

The majority of the Court are of the opinion that the error

found in the trial of the cause below is confined to the count for the Plaintiff's services as housekeeper for the Defendant, and does not in any manner influence the rest of the cause of action; and that the judgment should be modified by striking out the forty dollars claimed under that count, and allowing the rest of the recovery to stand, which is the determination of this Court.

I think that, wherever the error complained of may reason ably be supposed to have influenced the minds of the jury generally for or against either of the parties to the action, or where there is any doubt as to whether it did so influence the jury, a new trial should in all cases be awarded. I think, in all cases tried by the jury, a safe rule would be, to modify only when the error is limited to a part of the cause of action, which may be ascertained by computation or equivalent certainty, and is susceptible of separation from the rest of the judgment without difficulty or doubt, as was the case in *Sanborn and French vs. Webster*, decided at the last term of this Court. The case at bar is not, in my opinion, of this nature, and that a new trial should be awarded.

The judgment of the Court below is modified by deducting therefrom the sum of forty dollars as of the date of the entry of the judgment below, and all liens or rights of any and every nature whatsoever that have accrued and are now in force under said judgment, are maintained and continued in full force and effect.

The Clerk of this Court will enter this decision, and remit the case to the Court below for further proceedings and modification as herein directed.