## DILLINGHAM *vs.* LADUE & BOLT.

The words "subsequent purchasers and mortgagees," as used in the section of the statute declaring that a chattel mortgage, after having been filed as required, shall cease to be valid as against creditors, subsequent purchasers and mortgagees in good faith, after the expiration of one year, unless a copy of such mortgage shall be filed within thirty days next preceding the expiration of said term of one year, refer to purchases and mortgages made subsequent to the expiration of the year next following the original filing of the mortgage or a copy thereof; the same as if it read " or against purchasers," &c. "subsequent to the expiration of one year from the filing thereof, unless," &c.

Hence, where a mortgagor of chattels sells the same, intermediate the original filing of the mortgage and the expiration of a year from that time, the purchaser will take the title subject to the lien of the mortgage; notwithstanding the omission of the mortgagee to refile the mortgage in the town where the mortgagor resides, within thirty days next preceding the expiration of the year.

And one deriving title to the mortgaged property from such purchaser will stand in the same position as his grantor.

Where the mortgagor has put it out of the power of the mortgagee to refile the mortgage within the time required by the statute, in the town where the mortgagor resides, by changing his residence and removing to another state, it is not necessary that a copy of the mortgage should be filed, in order to preserve the lien of the mortgage, as against a purchaser or those through whom he derives title.

APPEAL from a judgment entered on the report of a referee, in an action brought by the respondent against the appellants, to recover the possession of a canal boat.

*H. J. Thomas*, for the appellants.

*A. J. Wilkin*, for the respondent.

*By the Court*, WELLES, J. The plaintiff and the defendant Ladue both derive title to the boat in question from one James Thistle. On the 27th July, 1855, Thistle, being a debtor to Ladue in the sum of $70.27, mortgaged the boat and other property to him, to secure the payment of his debt to Ladue with interest—$35 in thirty days, and $35.27 in sixty days. The mortgage was filed in the office of the town clerk of the town of Sweden, Monroe county, where Thistle then resided, on the 28th day of July, 1855. The canal boat remained in Thistle's possession from the time the mortgage was executed till the month of October following, when he sold it to Charles Parmalee and George H. Everts & Co. Parmalee took the boat into his possession and kept it until August, 1856, when he sold and delivered it to the plaintiff, who thereupon took it into his possession and retained it until the 2d day of September, 1856, when Ladue took the boat by virtue of his mortgage, the defendant Bolt assisting him in such taking. The purchases by Parmalee, Everts & Co., also that by the plaintiff, were in good faith and for valuable considerations respectively.

On the 27th day of July, 1856, Ladue filed a true copy of the mortgage in the same town clerk's office, with a statement indorsed thereon, as follows: "The said mortgage, of which the within is a copy, is unpaid, and there remains due thereon the sum of somewhere about sixty dollars, as near as the same can be estimated, and the mortgagee claims an interest therein to that amount, or thereabouts; that he has a good, valid and subsisting lien on the property therein until the same is canceled. Dated July 22, 1856.

SAMUEL LADUE,<br>By Horace J. Thomas, his attorney."

Thistle continued to reside in the town of Sweden, from the time of the execution of the mortgage till the month of October, 1855, when he removed his residence to the state of Michigan.

The referee reported in favor of the plaintiff, upon which report judgment was entered. It appears by his report that the referee found that the mortgage was valid in its inception, and continued so until the expiration of one year after the filing thereof; that the plaintiff was and is a purchaser in good faith, and that the mortgage ceased to be valid after the expiration of one year from the original filing thereof, as against the plaintiff, by reason that the copy and state ment were not again filed in the office of the clerk of the town where the mortgagor resided at the time of such re-filing.

The case shows that Thistle, the mortgagor, was in possession of the boat in question at the time he executed the mortgage, and that he continued so in possession thereof until he sold it to Parmalee and others in October, 1855. Then Parmalee took possession and kept it until he sold it to the plaintiff in August, 1856; and that he (the plaintiff) was in possession from the time of his purchase until it was taken out of his possession by the defendants by virtue of the mortgage. It does not appear that Ladue, the mortgagee, ever had any possession of the boat before he took it by virtue of his mortgage, which was on the 2d day of September, 1856. The referee based his judgment for the plaintiff upon the ground that the mortgage had become void as against creditors and subsequent purchasers and mortgagees, for the reason that a copy had not been filed in the office of the clerk or register of the town or city where the mortgagor then resided, within thirty days next preceding the expiration of one year from the original filing thereof, with a statement exhibiting the interest of the mortgagee in the property thereby claimed by him by virtue thereof. The mortgagor had put

Dillingham *v.* Ladue.

it out of the power of the mortgagee to do this, by removing his residence out of this state, and becoming a resident of the state of Michigan, before the thirty days within which the mortgage was required to be filed had commenced. A copy of the mortgage was filed, within the proper time, in the office of the town clerk of the town of Sweden, where the mortgage was originally filed, but not in the town where the mortgagor then resided. Hence the filing of the copy did not aid the mortgagee in preserving or continuing the lien of his mortgage. But we think it was not necessary, under the facts found by the referee, that a copy of the mortgage should be filed, in order to preserve the lien of the mortgage as against the respondent, or those through whom he derived his title to the boat in question. The statute provides that the mortgage, after the same has been duly filed as required, shall cease to be valid as against creditors, subsequent purchasers and mortgagees in good faith, after the expiration of one year from such filing, unless within thirty days next preceding the expiration of said term of one year a true copy of the mortgage shall be filed, &c. (*Laws of 1833, ch.* 279, § 3. 2 *R. S. 4th ed.* 318, § 11.)

The words "subsequent purchasers and mortgagees," as used in the statute, refer to purchases and mortgages made subsequent to the expiration of the year next following the original filing of the mortgage, or a copy thereof, in pursuance of sections 1 and 2 of the same statute; the same as if it had read, "or against purchasers" &c. "subsequent to the expiration of one year from the filing thereof, unless," &c. This was the construction given to the section in *Meech v. Patchin,* (14 *N. Y. Rep.* 71.) See also *Gardner v. Smith,* (29 *Barb.* 68,) and *Hill v. Beebe,* (3 *Kern.* 556.)

The sale of the boat by the mortgagor, Thistle, was intermediate the original filing of the mortgage, and the expiration of a year from that time. The purchaser, therefore, took the title subject to the lien of the mortgage, and the

plaintiff stands in no other condition, in that respect, than his grantor or those under whom he claims.

For these reasons the judgment should be reversed, and a new trial ordered, with costs to abide the event.

[MONROE GENERAL TERM, March 5, 1860. *Welles, Smith* and *Johnson,* Justices.]