Wiles *v.* Clapp. :

---

## WILES and HARVEY *vs.* CLAPP and VAN DUSEN.

Where one purchases property covered by a chattel mortgage within a year after the mortgage is made and filed, the property will continue subject to the lien of the mortgage so long as the purchaser continues the owner, even though the year has expired without the filing in the town clerk's office of a copy of the mortgage with a statement of the interest of the mortgagee in the property.

One deriving title to mortgaged property from a purchaser who becomes such within the year will stand in the same position as his vendor.

But if he merely takes the property for an antecedent debt, without paying or advancing any thing at the time, or giving up any security, he will not be regarded as a *bona fide* purchaser, or purchaser in good faith.

The re-filing of a chattel mortgage in the town where the mortgagor resides is only necessary to secure the lien against creditors of the mortgagor, and purchasers and mortgagees in good faith.

APPEAL from a judgment of dismissal, entered on the decision of the judge before whom the cause was tried, at the circuit, without a jury. The facts appear in the opinion of the court.

*Smith & Kimball*, for the appellants.

*L. F. Bowen*, for the respondents.

*By the Court,* BOCKES, J. This is an appeal from a judgment entered in favor of the defendants on the decision of the judge, authorizing a dismissal of the complaint with costs. The action was trespass, for wrongfully taking and carrying away the canal boat "Pink of Lockport." The defendants justified under a chattel mortgage, Clapp as mortgagee, and Van Dusen as his servant and agent. It appeared on the trial, (and the judge so found the facts,) that in December, 1860, the boat was owned by the defendant Clapp, who on the 22d day of that month sold her to one Thomas Myers, receiving back from him a chattel mortgage to secure $500 of the purchase price. The mortgage was duly filed in the clerk's office at Lockport, where the mortgagor resided. In July, 1861, the mortgagor removed to Syracuse, and thereafter resided at the latter place. In September, 1861, Myers transferred the property to Benjamin Bridgeford, and during the same month the latter transferred it to his son Samuel Bridgeford. In January, 1862, the latter transferred the boat to the plaintiffs, but on a prior or antecedent indebtedness. In April, 1862, the defendants, (Clapp as mortgagee and Van Dusen as his agent,) took the boat, under the provisions of the mortgage, the money secured thereby having become due, and sold it at public auction under the power of sale therein contained. The action was based on the ground that the seizure and sale were unauthorized and unlawful.

It is not disputed that the mortgage was a valid lien on the boat in September, 1861, when the Bridgefords became purchasers. They purchased, both father and son, within the year after the mortgage was made and filed. The boat was therefore subject to the lien of the mortgage so long as Samuel Bridgeford remained the owner, even although the year had expired without filing a copy with a statement of the interest of the mortgagee in the property thereby claimed by him. This point was decided in *Dillingham* v. *Ladue,* (35 *Barb.* 38,) and also in *Meach* v. *Patchin,*

Wiles *v.* Clapp.

(14 *N. Y. Rep.* 71.) It was also decided in the former case cited, that one deriving title to the mortgaged property from a purchaser (who became such within the year) will stand in the same position as his grantor. The plaintiffs in this action, having purchased from Samuel Bridgeford, occupied his position as regards this mortgage, with no better rights; and as against him, we have seen, that the mortgage was valid and operative. But the plaintiffs were not purchasers in good faith, inasmuch as they took the property for an antecedent debt. Nothing was paid or advanced at the time of the purchase, nor did they give up any security. They cannot therefore be regarded as *bona fide* purchasers or purchasers in good faith. (22 *N. Y. Rep.* 564–7. 17 *id.* 580, 3, 4. 4 *Paige,* 215. 17 *Barb.* 446. 37 *id.* 571.)

The re-filing of the mortgage in the town where the mortgagor resided was only necessary to secure the lien against creditors of the mortgagor, and purchasers and mortgagees in good faith. These plaintiffs were neither. It is therefore unnecessary to determine any question in regard to the re-filing of the defendants' mortgage.

The execution of the mortgage was well proved. The subscribing witness was shown to be out of the jurisdiction of the court. (12 *John.* 188. 4 *id.* 461. 4 *Wend.* 313.)

The defendants fully justified the taking and sale of the property, under the mortgage, and the judgment must be affirmed with costs.

[CLINTON GENERAL TERM, July 12, 1864. *Potter, Bockés, James* and *Rosekrans,* Justices.]