SMITH v. JOHNSON ET AL.

1. **Evidence:** ADMINISTRATOR: SERVICES. In an action against an administrator for services rendered the decedent, the plaintiff cannot be permitted to testify in his own behalf to the facts which would raise an implied contract to pay for the services.

2. **Services:** WHEN MINOR CANNOT RECOVER FOR: CONTRACT. A minor who resides in the family of a stranger in the character of friend, dependent, or protege, in the absence of an express contract cannot recover for the services rendered the family during the period of such residence.

3. **Practice in the Supreme Court:** ADMISSION OF EVIDENCE. The rulings of the court below upon the admission of evidence will be reviewed by the Supreme Court if prejudice therefrom affirmatively appears, even though the record does not contain all the evidence in the case.

4. ———: ———: ERROR WITHOUT PREJUDICE. The admission of incompetent evidence will not be held to be error without prejudice where such evidence constitutes the whole of the proof of the party offering it, or adds to the weight of testimony in his behalf.

*Appeal from Benton Circuit Court.*

SATURDAY, DECEMBER 16.

THE plaintiff filed a claim against the estate of which defendants are the administrators, for work and labor performed for the intestate in his lifetime. The administrators refusing to allow any part of the claim, an issue was joined thereon and the cause was tried to the court without a jury. A judgment was rendered for plaintiff upon a finding of facts by the court. Defendants appeal.

*Gilchrist & Haines,* for appellants.

*O. L. Cooper* and *Ed. Langley,* for appellee.

BECK, J.—I. There is no proof that the services for which plaintiff claims to recover were rendered under an express con-

1. EVIDENCE: administrator: services.

tract. Upon the trial of the cause the plaintiff was permitted to testify in his own behalf, against defendant's objection, to the facts that he performed labor for

the decedent, the time he was engaged in such service, the kind of labor done by him, his ability to perform a man's work, and that he had received no compensation for his labor. This evidence was inadmissible under Code, Sec. 3639. We have so held in *Peck v. McKean*, p. 19, *ante*. It is even more objectionable than the evidence which we held was rightly excluded in that case, and is clearly within the prohibition of the statute cited.

II. The court found the following facts: The plaintiff lived with the deceased from 1865, when he was about fourteen years of age, until the death of intestate in 1870. For the first two years he was under the control of a son of decedent, who brought him to his father's home. The son died in 1867, and the plaintiff remained with the family. Other facts found are stated in the record in the following language: "From May, 1867, to December, 1870, plaintiff was engaged a good portion of the time in working on the farm of deceased and for him, in ordinary farm work, like plowing, sowing, binding, hoeing, doing chores, etc., doing generally pretty much as he saw fit, much or little; during a portion of the time he could and did make a fair hand, and received his board, clothes, washing, mending, lodging, etc., and made the house his home, and was treated in most respects as a member of the household." * * * *
"There is no evidence of an express contract that he either should or should not be paid any amount of wages, and he did not claim any while with deceased, and so far as appears affirmatively did not claim, expect or demand compensation at or before the time he rendered the services. He had a comfortable home with deceased, and was not disposed to leave, being well treated, although at times deceased desired him to leave, and at others, again, desired him to remain. He was treated as a member of the family, as far as all the circumstances justified. There is no evidence that plaintiff demanded wages until after the death of his friends, the son and father and wife, but they being gone, and the estate passing to others, and his home destroyed, he desires compensation."

From this finding of facts the following conclusion and no

other must be reached: The plaintiff was a member of the family of deceased in the character of a friend, dependent or protege, and there was no express contract between plaintiff and decedent for the payment of compensation for the services rendered, and it is not shown in the record that the services were performed with the expectation, on the part of either, that they were to be paid for by the deceased. Upon these facts plaintiff is not entitled to recover. *Scully v. Scully's Ex'r*, 28 Iowa, 548; *Hartman's Appeal*, 3 Grant's Cases, 271; *Griffin v. Potter*, 14 Wend., 209; *Livingston v. Ackeston*, 5 Cow., 531; *Andrews v. Foster*, 17 Vt., 556; *Condon's Appeal*, 5 Watts & Serg., 513; *Defrance v. Austin*, 9 Pa. St., 309; *Butler v. Stone*, 50 Penn. St., 451; *Oxford v. McFarland*, 3 Ind., 156; *Morris v. Barnes*, 35 Mo., 412; *Updike v. Filus*, 2 Beasley, 151; *Davies v. Davies*, 9 Carr. & P., 87; *Williams v. Hutchinson*, 3 Comstock, 312; *Hall v. Finch*, 29 Wis., 278; *Swires v. Parsons*, 5 Watts & Serg., 357.

III. It is insisted by counsel for appellee that, as all the evidence taken in the court below does not appear in the record

<span style="font-variant: small-caps;">3. practice in the supreme court: admission of evidence.</span> before us, we cannot review the rulings of the court upon the law of the case applicable to the admission of evidence and the facts found. It is well understood that no such rule prevails in this or any other court for the correction of errors. All rulings upon the admission of evidence, if prejudice affirmatively appear, will be reviewed in this court though the record does not contain all the evidence in the case. The record need only show the rulings admitting or excluding the evidence, the purport of the evidence so passed upon, and, under our statute, the grounds of objection to the court's rulings.

IV. It is urged that the record fails to show, affirmatively, prejudice to defendant from plaintiff's own evidence, and for

<span style="font-variant: small-caps;">4. —— : —— : error without prejudice.</span> this reason its admission, if erroneous, is no ground for disturbing the judgment. The evidence given by the plaintiff is material, and, if there was other proof upon the issue, added to the weight of the testimony in his behalf. In such a case the prejudice to the other party is plainly seen. If there was no other evidence for plaintiff, prejudice to de-

fendants is apparent. We must, therefore, consider that the admission of the incompetent evidence shows affirmatively prejudice to defendants. The admission of incompetent evidence has been held to be error without prejudice in cases where it appears that the judgment or verdict could not have been different had the evidence been excluded; but no such ruling has been made where the evidence, held to be unlawful, constituted the whole of the proof of the party offering it, or added to the weight of the testimony in his behalf, and thus necessarily affected the decision of the case.

REVERSED.